UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARI HOFFMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RCI HOSPITALITY HOLDINGS, INC., and ERIC S. LANGAN,<br><br>Defendants. | § CIVIL ACTION NO. 4:19-cv-01841<br>§<br>§ **MEMORANDUM OF LAW IN SUPPORT**<br>§ **OF ROGER DEMAGGIO, PATRICK**<br>§ **PRAHL,  JUSTIN KINSLOW, JOSEPH**<br>§ **MILO, AND EDGAR M. KEE'S MOTION**<br>§ **TO (1) CONSOLIDATE RELATED**<br>§ **ACTIONS; (2) APPOINT LEAD**<br>§ **PLAINTIFFS; AND (3) APPROVE LEAD**<br>§ **PLAINTIFFS' SELECTION OF COUNSEL**<br>§<br>§ **CLASS ACTION**<br>§<br>§ Hon. Alfred H. Bennett<br>§ |
| NING GU, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>RCI HOSPITALITY HOLDINGS, INC., ERIC LANGAN, and PHILLIP MARSHALL,<br><br>        Defendants. | §CIVIL ACTION NO. 4:19-cv-01917<br>§<br>§ **CLASS ACTION**<br>§<br>§ Hon. Keith P. Ellison<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| DAVID GROSSMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>RCI HOSPITALITY HOLDINGS, INC., ERIC S. LANGAN, and PHILLIP MARSHALL,<br><br>        Defendants. | § CIVIL ACTION NO. 4:19-cv-02318<br>§<br>§ **CLASS ACTION**<br>§<br>§ Hon. Kenneth M. Hoyt<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**INTRODUCTION**

Movants Roger DeMaggio, Patrick Prahl, Justin Kinslow, Joseph Milo, and Edgar M. Kee ("Movants"), respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     consolidating the above-captioned actions;

(b)     appointing Movants as Lead Plaintiffs for the class of all purchasers and/or acquirers of the securities RCI Hospitality Holdings, Inc. ("RCI" or the "Company") between August 10, 2017 and May 10, 2019, inclusive (the "Class Period");[1] and

(c)     approving Movants' selection of The Rosen Law Firm P.A. and Glancy Prongay & Murray LLP as Co-Lead Counsel for the class and the law firm of Kendall Law Group, PLLC as Liaison Counsel for the class.

**BACKGROUND**

Defendant RCI, through its subsidiaries, owns and operates gentlemen's clubs and restaurants in locations throughout the United States. The Company's common stock trades on the NASDAQ under the symbol "RICK."

On May 15, 2019, this action was commenced against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That

---

[1] This is the class period in *Gu v. RCI Hospitality Holdings, Inc. et al.,* Case No. 4:19-cv-01917 (the "*Gu* Action") and *Grossman v. RCI Hospitality Holdings, Inc.*, Case No. 4:19-cv-02318 (the "*Grossman* Action"). The class period in the instant action is February 14, 2018 through May 10, 2019. A more inclusive class period is favored at the lead plaintiff stage. *Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

same day, a law firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in the action, the Class Period, and the 60-day deadline for class members to move to be appointed as lead plaintiff. *See* Declaration of Joe Kendall ("Kendall Dec."), Ex. 1. The related actions styled as *Gu v. RCI Hospitality Holdings, Inc. et al.*, Case No. 4:19-cv-01917, and *Grossman v. RCI Hospitality Holdings, Inc.*, Case No. 4:19-cv-02318, were filed in this Court on May 28, 2019 and June 28, 2019, respectively, asserting similar facts and claims as the instant action.

The complaints allege that during the Class Period defendants made false and misleading statements and/or failed to disclose that: (1) RCI engaged in numerous transactions with Langan, its CEO, including lending him large amounts of money; (2) these practices were likely to lead to investigations of RCI by regulators; (3) investigations into RCI's corporate governance would harm RCI's prospects by, among other things, causing it to be unable to timely file its financial statements; and (4) as a result, Defendants' statements about RCI's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

**ARGUMENT**

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings

3

therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also In re BP, PLC Sec. Litig.,* 758 F. Supp. 2d 428, 432-33 (S.D. Tex. 2010).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(B)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions in this District allege similar factual and legal grounds to support allegations of violations of the Securities Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.     MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiffs.

### A. Movants Are Willing to Serve as Class Representatives

Movants have submitted sworn shareholder certifications attesting to the fact that they are willing to serve as representatives of the class and are willing to provide testimony at deposition and trial, if necessary. *See* Kendall Dec., Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the class.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movants lost $13,748.14 in connection with their purchases of RCI securities. *See* Kendall Dec., Ex. 3 (Movants' Loss Chart). Movants are not aware of any other persons that have suffered greater losses in RCI securities during the Class Period. Accordingly, with total

losses of $13,748.14, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C.       Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movants' claims are typical of the claims asserted by the proposed Class.  Movants share substantially similar questions of law and fact with the members of the class and Movants' claims are typical of the members of the class. Movants and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements

6

concerning RCI and its business. Movants, as well as other members of the class, purchased RCI shares at prices artificially inflated by defendants' misrepresentations and omissions and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Additionally, Movants satisfy the adequacy requirements. Their financial interest demonstrates that they have a sufficient incentive to ensure vigorous advocacy, and Movants are not aware of any conflict between their claims and those asserted on behalf of the class. Moreover, Movants have retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Kendall Dec., Exs. 4-6.

Thus, the close alignment of interests between Movants and other class members, as well as Movants' strong desire to prosecute this action on behalf of the class, provides ample reason to grant the Movants' motion to serve as Lead Plaintiffs.

### D. Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a)   will not fairly and adequately protect the interest of the class; or
>
> (b)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movants' ability and desire to fairly and adequately represent the class has been discussed above. Movants are not aware of any unique defenses defendants could raise against

7

them that would render Movants inadequate to represent the class. Accordingly, the Court should appoint Movants as Lead Plaintiffs for the class.

## II.        MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. and Glancy Prongay & Murray LLP as Co-Lead Counsel and Kendall Law Group, PLLC as Liaison Counsel. The firms have been actively researching the class claims – reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kendall Dec., Exs. 4-6.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge that will enable these firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Co-Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

<u>CONCLUSION</u>

For the foregoing reasons, Movants respectfully request the Court issue an Order: (a) consolidating the related actions; (b) appointing Movants as Lead Plaintiffs of the class; (c) approving The Rosen Law Firm P.A. and Glancy Prongay & Murray LLP as Co-Lead Counsel

and Kendall Law Group, PLLC as Liaison Counsel; and (d) granting such other relief as the Court may deem to be just and proper.

Dated: July 22, 2019                         Respectfully submitted,

                                             **KENDALL LAW GROUP, PLLC**

                                             _____/s/ Joe Kendall_____
                                             JOE KENDALL
                                             Texas Bar No. 11260700
                                             3811 Turtle Creek Blvd., Suite 1450
                                             Dallas, Texas 75219
                                             Telephone: (214)-744-3000
                                             Facsimile: (214)-744-3015
                                             Email: jkendall@kendalllawgroup.com

                                             [Proposed] Liaison Counsel for Plaintiffs and Class

                                             **THE ROSEN LAW FIRM, P.A.**
                                             Laurence Rosen, Esq. (pro hac vice to be filed)
                                             Phillip Kim, Esq. (pro hac vice to be filed)
                                             275 Madison Avenue, 34th Floor
                                             New York, NY 10116
                                             Phone: (212) 686-1060
                                             Fax: (212) 202-3827
                                             Email: lrosen@rosenlegal.com
                                             Email: pkim@rosenlegal.com

                                             **GLANCY PRONGAY & MURRAY LLP**
                                             Lionel Z. Glancy
                                             Lesley F. Portnoy
                                             Pavithra Rajesh
                                             1925 Century Park East, Suite 2100
                                             Los Angeles, CA 90067
                                             Telephone: (310) 201-9150
                                             Facsimile: (310) 201-9160

                                             [Proposed] Co-Lead Counsel for Plaintiffs and Class

                                             **THE SCHALL LAW FIRM**
                                             Brian Schall, Esq.
                                             Sherin Mahdavian, Esq.
                                             Rina Restaino, Esq.
                                             1880 Century Park East, Suite 404

9

Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com
        sherin@schallfirm.com
        rina@schallfirm.com

Additional Counsel to Movants

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


        /s/ Joe Kendall
Joe Kendall

10