**GLANCY PRONGAY & MURRAY LLP**
Kara M. Wolke (*pro hac vice*)
Melissa C. Wright (*pro hac vice*)
Jennifer M. Leinbach (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**KENDALL LAW GROUP, PLLC**
Joe Kendall
Texas Bar No. 11260700
jkendall@kendalllawgroup.com
3232 McKinney Ave., Suite 700
Dallas, Texas 75204
Telephone: (214) 744-3000
Facsimile: (214) 744-3015

*Liaison Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice*)
Brian B. Alexander (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
balexander@rosenlegal.com

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re RCI Hospitality Holdings, Inc. Securities Litigation | Master File No.: 4:19-cv-01841-AHB |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF
<u>SUPPLEMENTAL AUTHORITY</u>**

Lead Plaintiffs ("Plaintiffs") request the Court take judicial notice of the Securities Exchange Commission ("SEC") orders attached hereto as **Exhibits A** and **B**, respectively, recently issued in connection with *In the Matter of RCI Hospitality Holdings, Inc., Eric S. Langan, and Phillip K. Marshall, CPA*, File No. 3-20035 (September 21, 2020) ("Company SEC Order") and *In the Matter of Steven L. Jenkins, CPA*, File No. 3-20036 (September 21, 2020) ("Jenkins SEC Order").[1]  The SEC investigation is referenced in Plaintiffs' operative complaint. ECF No. 27 (the "Complaint" or "Compl.") ¶¶24, 94, 98, 103-05, 160.

Plaintiffs also submit supplemental authority, recently issued by in the District of New Jersey in *Vanderhoef v. China Auto Logistics Inc.*, No. 2:18-CV-10174, 2020 WL 5105243 (D.N.J. Aug. 31, 2020) ("*China Auto*"), attached hereto as **Exhibit C**.

## I.    REQUEST FOR JUDICIAL NOTICE

In considering a Rule 12(b)(6) motion, the Court may examine documents incorporated into the complaint by reference and matters of which a court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also* Fed. R. Evid. 201(b). This includes judicial notice of matters of public record, including government documents.  *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994); *see also, e.g., Zollicoffer v. Livingston*, 169 F. Supp. 3d 687, 691 (S.D. Tex. 2016) (Bennett, J.) (taking judicial notice of government reports and websites).

Accordingly, Plaintiffs request that the Court take judicial notice of government orders— the Company SEC Order and the Jenkins SEC Order (Exhibits A and B)—because the matters discussed therein are referenced in the Complaint and are directly relevant to Plaintiffs' claims. *Ramos v. Alamo Area Council of Governments*, 2010 WL 11597983, at *2 (W.D. Tex. Aug. 31,

---

[1]  Also *available at* https://www.sec.gov/enforce/34-89935-s.

1

2010) (documents may be considered if they are central to the plaintiff's cause of action).[2] Moreover, these documents were unavailable to Plaintiffs at the time they submitted their opposition to the motion to dismiss in June 2020 (ECF Nos. 38-39) and therefore, Plaintiffs respectfully seek leave of Court to request judicial notice at this time.

### A.    The SEC Finds Defendants[3] Violated The Exchange Act

Following the SEC's formal investigation of RCI (Compl. ¶¶103-04), the SEC concluded that Defendants RCI, CEO Langan, CFO Marshall and Jenkins violated the Exchange Act and levied hefty fines against them.  *See* Exhibits A & B.[4]  The SEC made, *inter alia*, the following findings:

- "RCI violated and Langan and Marshall caused RCI to violate . . . the Exchange Act . . .  which require every issuer…to file with the [SEC] information, documents, and annual and quarterly reports as the [SEC] may require, and mandate that periodic reports contain such further material information as may be necessary to make the required statements not misleading."  Ex. A at ¶40.

- "The Commission finds that Jenkins willfully violated . . . the Exchange Act."  Ex. B at ¶9.

- "The following amount must be paid to the SEC: (i) RCI – $400,000; (ii) Langan – $200,000; (iii) Marshall – $35,000 (Ex. A at p. 10); and Jenkins – $30,000."  Ex. B at p. 5.

---

[2]  Unless otherwise indicated, all emphasis is added and citations omitted.

[3]   Defendants include: corporate defendant RCI Hospitality Holdings, Inc. ("RCI" or the "Company"), CEO Eric S. Langan ("Langan"), CFO Phillip K. Marshall ("Marshall"), independent board member Nour-Dean Anakar, and former independent board member Steven L. Jenkins ("Jenkins").

[4] Specifically, the Company SEC Order finds that RCI and Langan violated, and Langan and Marshall caused RCI to violate, the proxy solicitation provisions of Section 14(a) of the Exchange Act and Rules 14a-3 and 14a-9 thereunder.  The Company SEC Order further finds that RCI violated, and Langan and Marshall caused RCI to violate, the reporting provisions of Section 13(a) of the Exchange Act and Rules 13a-1, and 12b-20 thereunder, the books and records provisions of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, and the disclosure controls provisions of Rule 13a-15(a) under the Exchange Act.  The Jenkins SEC Order finds that Jenkins willfully violated the proxy disclosure provisions of Section 14(a) of the Exchange Act and Rules 14a-3 and 14a-9 thereunder.

The Court may rely upon these Exchange Act findings in conducting its holistic scienter analysis. *See Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs., Inc.*, 2016 WL 7117455, at *21 (M.D. Pa. Dec. 7, 2016) (relying on plaintiffs' operative complaint and a recently issued SEC order in finding the requisite scienter to state a claim under 10b and Rule 10b-5 of the Exchange Act). Indeed, *Orrstown* is instructive. There, the court found scienter to be sufficiently alleged because, among other things, "the recently-issued SEC Order, of which the Court has taken judicial notice, provides additional factual information as to <u>how</u> certain of the Exchange Act Defendants knew—or were at least reckless as to their knowledge—that the relevant representations as to financial reporting were false and/or misleading at the time they were made." *Id.* (emphasis in original).

**B.      The Company SEC Order Confirms Plaintiffs' Allegations that Defendants Recklessly Failed to Disclose Material Executive Compensation, Related Party Transactions, as well as Numerous Internal Control Failings**

**1.      Defendants Recklessly Underreported Executive Compensation**

The Company SEC Order confirms that RCI, from FY 2014 through FY 2019, provided Langan, Marshall, and an unnamed Executive Vice President ("EVP")[5] significant perquisites and personal benefits, and that Defendants omitted this material information from RCI's SEC filings in violation of Item 402 of Regulation S-K, as summarized below:

| Officer | Years | Undisclosed Amt. | % Undisclosed vs. Disclosed Perquisites |
|---|---|---|---|
| Langan | 2014-2019 | $497,232 | 120% |
| Marshall | 2017-2019 | $48,168 | 68% |
| EVP | 2016-2018 | $69,531 | 60% |

---

[5]  Plaintiffs believe "EVP" is likely Travis Reese, RCI's Director and Executive Vice President (*see* Compl. ¶49), who Plaintiffs allege used the corporate jet for recreational purposes. Compl. ¶ 61 (including Mr. Resse's social media photo where he used the RCI corporate jet to create a Houston Texans logo).

Ex. A at ¶¶7-8.

Consistent with Plaintiffs' allegations (Compl. ¶¶60-67), the SEC found, among other Exchange Act violations, that "RCI told investors it did not provide its [named executive officers] with significant perquisites…despite this disclosure, RCI, in fact provided its [named executive officers] with significant perquisites and personal benefits." Ex. A at ¶¶7-8. These undisclosed perquisites included the personal use of the Company-owned aircraft by Langan and EVP and the use of Company-owned vehicles by Langan, Marshall, and EVP. Ex. A at ¶¶12, 17. The SEC concluded that "although *management and board members knew about [Langan and EVP's] personal use of the [RCI] aircraft*, RCI failed to maintain policies and procedures concerning their use and disclosure of the value of such use until 2019." Ex. A at ¶11.

### 2.   Defendants Recklessly Failed to Report Related Party Transactions

The Company SEC Order also confirms Plaintiffs' allegations (Compl. ¶77) that RCI failed to disclose related party payments to Langan's father's business $176,684 (FY 2016) and Langan's brother's business $321,353 (FY 2018) in violation of Item 404 of Regulation S-K. Ex. A. at ¶¶26-27. The SEC noted that RCI failed to disclose these related party transactions because Langan responded inaccurately when specifically asked about related party transactions during outside counsel's annual process of obtaining director and officer certifications:

> Langan's related party transactions should have been identified during RCI's outside counsel's annual process of obtaining officer and director certifications. Every year, "in anticipation of the filing of the proxy statement" for RCI's upcoming annual meeting, *Langan and others were asked to confirm by email, if the certification was correct that there were no disclosable related party transactions. In 2016 and 2018, Langan inaccurately responded, "correct."* Ex. A at ¶27.

The Company SEC Order also found that RCI violated Item 404 of Regulation S-K by failing to disclose related party transactions with the brother of a director on RCI's board,

4

including his salary, which exceeded $120,000, and a loan given to RCI for $750,000, which, again, confirm Plaintiffs' allegations (Compl. ¶76).   Ex. A. at ¶¶29-32.   The SEC noted that "[a]lthough **RCI management knew the Director and his brother were siblings, RCI failed to disclose the relationship as a related-party disclosure**."   Ex. A at ¶32.

These findings support a strong inference of scienter.  *See Zagami v. Nat. Health Trends Corp.*, 540 F. Supp. 2d 705, 713 (N.D. Tex. 2008) (inferring defendants' scienter based on knowing failure to disclose related party transaction involving executive's family members).

### 3.      RCI Lacked Adequate Internal Controls

The Company SEC Order also confirms Plaintiffs' allegations concerning RCI's inadequate internal controls.  Compl. ¶¶88-93.  For example, the SEC found that "[a]lthough management and board members knew about [Langan and EVP's] personal use of the aircraft, RCI failed to maintain policies and procedures concerning their use and disclosure of the value of such use until 2019."  Ex. A at ¶11.  The SEC found the same deficiencies in internal controls concerning expense reimbursement requests thereby causing RCI's failure to disclose as executive compensation to Langan and EVP the reimbursement of personal commercial airline flights they took with their significant others during FYs 2017 and 2018.  Ex. A at ¶15.  The SEC also concluded that before 2019, RCI did not maintain adequate internal controls or policies and procedures concerning company-owned vehicles provided to Langan, Marshall, and EVP or the disclosure of such perquisites.  Ex. A at  ¶17.

Finally, the SEC found that due to a lack of adequate internal controls concerning RCI making loans, Langan, in June 2017, was able to direct RCI to make a one-year, $300,000 unsecured personal loan to his friend and business partner ("Friend").[6]  Friend's company was

---

[6] Plaintiffs believe "Friend" is likely Louis Tannos of Tannos Construction & Development,

5

RCI's main general contractor responsible for building many of RCI's Bombshells restaurants and its new headquarters facility.  Langan authorized the loan, but did not advise Marshall, RCI's board, or the audit committee about it.  This loan was repaid, after three extensions.  Ex. A at ¶35.[7]

### C.    The Jenkins SEC Order Confirms Plaintiffs' Allegations Defendants Omitted Required Information Regarding A Director's Bankruptcies

The Jenkins SEC Order confirms Plaintiffs' allegations that in August 2010, Jenkins filed a Chapter 13 bankruptcy petition, which was dismissed in September 2015.  Within weeks of this dismissal, Jenkins filed another Chapter 13 bankruptcy petition in October 2015.  Consistent with Plaintiffs' allegations (Compl. ¶¶86-87), the SEC concluded that Jenkins should have identified his bankruptcy filings during RCI's annual process of obtaining officer and director certifications, but failed to do so, which in turn caused the Company to fail to disclose Jenkins' bankruptcy history in its Schedule 14A filings as required by Item 401(f)(1) of Regulation S-K. Ex. B at ¶¶3-5.

## II.    NOTICE OF SUPPLEMENTAL AUTHORITY

As here, the plaintiffs in *China Auto* alleged that the defendants violated Section 10(b) and Rule 10b-5 because they failed to disclose related party transactions.  2020 WL 5105243 at *1.   The court denied the company's motion to dismiss, finding the facts alleged taken collectively gave rise to a strong inference of scienter.  *Id.* at *3.

Similar to Defendants' motion to dismiss in this case, the motion to dismiss in *China Auto* argued that allegations that individual defendants made misrepresentations or omissions for

---

LLC.  *See* Compl. ¶50.

[7]  The Company SEC Order also brought to light undisclosed perquisites previously unknown to Plaintiffs, but which further demonstrate RCI's lack of internal controls.  These include, for example, Marshall's meal and housing allowances, Langan's girlfriend's inclusion on RCI s payroll even though she did not provide significant services to the company, Langan, through RCI, donated a total of $119,655 to Langan's children's private school. *See* Ex. A at ¶19-21, 23.

the purpose of diverting company assets for their personal benefit were insufficient to pled scienter. *Id.* at *5; (ECF No. 41 at 2). *China Auto* rejected that argument, holding that the defendants' failure to disclose related party transactions was "sufficient[] to allege a claim for securities fraud." 2020 WL 5105243 at *5. *China Auto* is further instructive because the court held that the plaintiffs' allegations that defendants impeded an after-the-fact investigation into the related party transactions at issue demonstrated scienter. *Id.* at *1, *3. Here, Defendants argued, in the motion to dismiss, that BDO's resignation due to Defendants' obstruction of its investigation into RCI's related party transactions had no bearing on scienter. (ECF No. 37 at 15-16.) However, the court in *China Auto*, based on similar facts, held that "[a]ttempts to cover up fraud demonstrate a high degree of scienter . . . .Therefore, scienter is sufficiently alleged." 2020 WL 5105243 at *3.

## III.   CONCLUSION

For the reasons set forth above, the Court should take judicial notice of, and consider, the Company SEC Order and Jenkins SEC Order, and take notice of the *China Auto* order. Moreover, for the reasons set forth above and in Plaintiffs' Opposition to Defendants' motion to dismiss submitted on June 23, 2020 (ECF Nos. 38-39), Plaintiffs respectfully submit that Defendants' motion to dismiss (ECF No. 37) should be denied. If the Court is inclined to grant Defendants' motion, Plaintiffs respectfully request leave to amend to cure any pleading deficiencies.

Dated: September 28, 2020

Respectfully submitted,

By: */s/ Kara M. Wolke*
Kara M. Wolke (*pro hac vice*)
**Glancy Prongay & Murray LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Attorney-In-Charge for Plaintiffs and the Class*

8

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2020, a copy of this document was served on all counsel of record by operation of the Court's electronic filing system.

*s/ Kara M. Wolke*
Kara M. Wolke
