# EXHIBIT B

**UNITED STATES OF AMERICA**
**Before the**
**SECURITIES AND EXCHANGE COMMISSION**

**SECURITIES EXCHANGE ACT OF 1934**
**Release No. 89936 / September 21, 2020**

**ACCOUNTING AND AUDITING ENFORCEMENT**
**Release No. 4168**

**ADMINISTRATIVE PROCEEDING**
**File No. 3-20036**

| | |
|---|---|
| **In the Matter of**<br><br>    **STEVEN L. JENKINS,**<br>    **CPA,**<br><br>**Respondent.** | **ORDER INSTITUTING PUBLIC ADMINISTRATIVE AND CEASE-AND-DESIST PROCEEDINGS PURSUANT TO SECTIONS 4C AND 21C OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 102(e) OF THE COMMISSION'S RULES OF PRACTICE, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS AND A CEASE-AND-DESIST ORDER** |

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate that public administrative and cease-and-desist proceedings be, and hereby are, instituted against Steven L. Jenkins, CPA ("Respondent" or "Jenkins"), pursuant to Sections 4C[1] and 21C of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 102(e)(1)(iii) of the Commission's Rules of Practice.[2]

---

[1]    Section 4C provides, in relevant part, that:

> The Commission may censure any person, or deny, temporarily or permanently, to any person the privilege of appearing or practicing before the Commission in any way, if that person is found . . .  (3) to have willfully violated, or willfully aided and abetted the violation of, any provision of the securities laws or the rules and regulations issued thereunder.

[2]    Rule 102(e)(1)(iii) provides, in pertinent part, that:

**II.**

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings, which are admitted, and except as provided herein in Section V, Respondent consents to the entry of this Order Instituting Public Administrative and Cease-and-Desist Proceedings Pursuant to Sections 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order ("Order"), as set forth below.

**III.**

On the basis of this Order and Respondent's Offer, the Commission finds[3] that:

1.      These proceedings arise from Jenkins's failure to disclose his personal bankruptcy history to RCI Hospitality Holdings, Inc. ("RCI"), which, in turn, did not disclose them in its 2015 through 2018 Schedule 14A filings.

2.      Jenkins, age 63, is a resident of Friendswood, Texas. He is a certified public accountant licensed in Texas since 1982. He is also a member of the Texas Society of Certified Public Accountants. From 2001 until his August 2019 resignation, Jenkins was an independent member of RCI's board of directors and the audit committee's financial expert. He also served on RCI's compensation and nominating committees.

**FACTS**

3.      Pursuant to Regulation S-K, Item 401(f)(1), registrants must disclose in Schedule 14A an officer's or a director's filing of "[a] petition under the Federal bankruptcy laws" that occurred within the past 10 years. Jenkins filed two personal federal bankruptcy petitions while he was a member of RCI's board of directors, served on its audit committee, and was listed as a nominee for RCI's board directors in the company's annual proxy statements. However, he

---

The Commission may . . . deny, temporarily or permanently, the privilege of appearing or practicing before it . . . to any person who is found…to have willfully violated, or willfully aided and abetted the violation of any provision of the Federal securities laws or the rules and regulations thereunder.

[3]      The findings herein are made pursuant to Respondent's Offer of Settlement and are not binding on any other person or entity in this or any other proceeding.

willfully failed to disclose them to the company, which, in turn, failed to disclose Jenkins' bankruptcy history in its Schedule 14A filings, as required.

4.      In August 2010, Jenkins filed a bankruptcy petition pursuant to Chapter 13 of the Federal Bankruptcy Code.  In September 2015, his 2010 petition was dismissed when he was unable to pay the balloon payment due as required by his approved bankruptcy plan.  Within weeks of this dismissal, Jenkins filed another Chapter 13 bankruptcy petition in October 2015.

5.      Jenkins should have identified his bankruptcy filings during RCI's annual process of obtaining officer and director certifications.  Every year, "in anticipation of the filing of the proxy statement" for RCI's upcoming annual meeting, Jenkins was asked to confirm by email if the certification was correct, i.e., that he had not been involved in certain legal proceedings, including the filing of a petition under the federal bankruptcy laws.  Jenkins responded, "Correct," in his email returning the certification, indicating that he had not filed any such petition. He understood that RCI required him to accurately complete the director and officer certification in connection with the company's annual proxy statement filing.

6.      Jenkins did not disclose his bankruptcy filings because he was embarrassed by them and did not want to embarrass RCI.  Jenkins was listed in RCI's annual definitive proxy statements as an RCI board member and director nominee.  Thus, as an RCI director and director nominee, Jenkins permitted his name to be used in connection with RCI's annual proxy solicitations.

7.      When RCI first learned of Jenkins' bankruptcy history in July 2019, the company asked him to step down from the board.  If RCI management had known of Jenkins's bankruptcy history, he probably would not have been invited to join the company's board.

## VIOLATIONS

8.      Section 14(a) of the Exchange Act prohibits any person from acting in contravention of the Commission's rules and regulations "to solicit or *to permit the use of his name to solicit any proxy* . . . in respect of any security . . . registered pursuant to Section 12" of the Exchange Act (emphasis added).  Rule 14a-3 prohibits issuers with securities registered pursuant to Section 12 of the Exchange Act from soliciting proxies without furnishing proxy statements containing the information specified in Schedule 14A, including bankruptcy filing history disclosure pursuant to Item 401(f)(1).  Rule 14a-9 prohibits the use of proxy statements containing materially false or misleading statements or materially misleading omissions.

9.      Based on the foregoing, the Commission finds that Jenkins willfully[4] violated Sections 14(a) of the Exchange Act and Rules 14a-3 and 14a-9 promulgated thereunder.

---

[4]  "Willfully," for purposes of imposing relief under Exchange Act Section 4C(a)(3) and Rule 102(e)(1)(iii) "means no more than that the person charged with the duty knows what he is

**IV.**

In view of the foregoing, the Commission deems it appropriate to impose the sanctions agreed to in Respondent's Offer.

Accordingly, it is hereby ORDERED, effective immediately, that**:**

A.      Jenkins shall cease and desist from committing or causing any violations and any future violations of Sections 14(a) of the Exchange Act and Rules 14a-3 and 14a-9 promulgated thereunder.

B.      Jenkins is denied the privilege of appearing or practicing before the Commission as an accountant.

C.      After three (3) years from the date of this order, Jenkins may request that the Commission consider his reinstatement by submitting an application (attention: Office of the Chief Accountant) to resume appearing or practicing before the Commission as:

1.      a preparer or reviewer, or a person responsible for the preparation or review, of any public company's financial statements that are filed with the Commission (other than as a member of an audit committee, as that term is defined in Section 3(a)(58) of the Securities Exchange Act of 1934).  Such an application must satisfy the Commission that Jenkins's work in his practice before the Commission as an accountant will be reviewed either by the independent audit committee of the public company for which he works or in some other acceptable manner, as long as he practices before the Commission in this capacity; and/or

2.      a preparer or reviewer, or a person responsible for the preparation or review, of any public company's financial statements that are filed with the Commission as a member of an audit committee, as that term is defined in Section 3(a)(58) of the Securities Exchange Act of 1934.  Such an application will be considered on a facts and circumstances basis with respect to such membership, and the applicant's burden of demonstrating good cause for reinstatement will be particularly high given the role of the audit committee in financial and accounting matters; and/or

3.      an independent accountant.

---

doing." Wonsover v. SEC, 205 F.3d 408, 414 (D.C. Cir. 2000) (quoting Hughes v. SEC, 174 F.2d 969, 977 (D.C. Cir. 1949)). There is no requirement that the actor "also be aware that he is violating one of the Rules or Acts." Tager v. SEC, 344 F.2d 5, 8 (2d Cir. 1965).

Such an application must satisfy the Commission that:

    (a)    Jenkins, or the public accounting firm with which he is associated, is registered with the Public Company Accounting Oversight Board ("Board") in accordance with the Sarbanes-Oxley Act of 2002, and such registration continues to be effective;

    (b)    Jenkins, or the registered public accounting firm with which he is associated, has been inspected by the Board and that inspection did not identify any criticisms of or potential defects in the respondent's or the firm's quality control system that would indicate that Jenkins will not receive appropriate supervision;

    (c)    Jenkins has resolved all disciplinary issues with the Board, and has complied with all terms and conditions of any sanctions imposed by the Board (other than reinstatement by the Commission); and

    (d)    Jenkins acknowledges his responsibility, as long as he appears or practices before the Commission as an independent accountant, to comply with all requirements of the Commission and the Board, including, but not limited to, all requirements relating to registration, inspections, concurring partner reviews and quality control standards.

D.    The Commission will consider an application by Jenkins to resume appearing or practicing before the Commission provided that his state CPA license is current and he has resolved all other disciplinary issues with the applicable state boards of accountancy. However, if state licensure is dependent on reinstatement by the Commission, the Commission will consider an application on its other merits. The Commission's review may include consideration of, in addition to the matters referenced above, any other matters relating to Jenkins's character, integrity, professional conduct, or qualifications to appear or practice before the Commission as an accountant. Whether an application demonstrates good cause will be considered on a facts and circumstances basis with due regard for protecting the integrity of the Commission's processes.

E.    Respondent shall, within 10 days of the entry of this Order, pay a civil money penalty in the amount of $30,000.00 to the Securities and Exchange Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3). If timely payment is not made, additional interest shall accrue pursuant to 31 U.S.C. §3717. Payment must be made in one of the following ways:

    (1)    Respondent may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

5

(2)     Respondent may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

(3)     Respondent may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
HQ Bldg., Room 181, AMZ-341
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying Steven L. Jenkins as the Respondent in these proceedings, and the file number of these proceedings; a copy of the cover letter and check or money order must be sent to Anita Bandy, Associate Director, Division of Enforcement, Securities and Exchange Commission, 100 F St., N.E., Washington, DC 20549-6561.

F.     Amounts ordered to be paid as civil money penalties pursuant to this Order shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Respondent agrees that in any Related Investor Action, he shall not argue that he is entitled to, nor shall he benefit by, offset or reduction of any award of compensatory damages by the amount of any part of Respondent's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Respondent agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Securities and Exchange Commission. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this proceeding. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Respondent by or on behalf of one or more investors based on substantially the same facts as alleged in the Order instituted by the Commission in this proceeding.

**V.**

It is further Ordered that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the findings in this Order are true and admitted by Respondent, and further, any debt for disgorgement, prejudgment interest, civil penalty or other

6

amounts due by Respondent under this Order or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Respondent of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

By the Commission.

Vanessa A. Countryman
Secretary