**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re RCI Hospitality Holdings, Inc.          Master File No. 4:19-cv-01841-AHB

Securities Litigation

**DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR**
**JUDICIAL NOTICE AND NOTICE OF SUPPLEMENTAL**
**AUTHORITY**

Plaintiffs have submitted a document styled as a "Request for Judicial Notice of Supplemental Authority" (ECF #42) ("Plaintiffs' Request"). Notwithstanding its title, the document is not merely a notice and does not merely submit supplemental documents, *i.e.*, the two Securities Exchange Commission ("SEC") administrative orders and a District of New Jersey decision attached as Exhibits A, B, and C to the submission.[1] Instead, Plaintiffs' submission argues at length about what these documents supposedly mean to Defendants' fully-briefed Motion To Dismiss Plaintiffs' Complaint ("Motion")—including by rearguing cases already discussed in the parties' briefs.[2] The length[3] and argumentative nature of Plaintiffs' submission renders it a sur-

---

[1] *In the Matter of RCI Hospitality Holdings, Inc., Eric S. Langan, and Phillip K. Marshall, CPA*, File No. 3-20035 (Sept. 21, 2020); *In the Matter of Steven L. Jenkins, CPA*, File No. 3-20036 (Sept. 21, 2020); and *Vanderhoef v. China Auto Logistics Inc.*, No. 2:18-CV-10174, 2020 WL 5105243 (D.N.J. Aug. 31, 2020) ("*China Auto*").

[2] For example*, China Auto* is another case involving related party transactions orders-of-magnitude larger than alleged in the Complaint, and which constituted a much larger percentage of the defendant company's business than alleged in the Complaint. *Id*. at *1 ($170 million out of $400 million in revenue, and $129 million in purchases). Defendants already distinguished such cases, including *Zagami v. Natural Health Trends Corp.*, 540 F. Supp. 2d 702 (N.D. Tex. 2008), cited in Plaintiffs' Request. *See* Defendants' Reply Memorandum in Support of Motion to Dismiss (ECF #41) at 4.

[3] At seven pages even without the signature block, it is longer than Defendants' reply brief.

reply, which cannot be filed without this Court's permission. *See* Judge Bennett's Procedures, Section B(5)(f) ("Sur-replies are rarely considered. Should a party think one is necessary, the party must seek leave of Court"). Plaintiffs neither sought nor obtained permission.

Moreover, Plaintiffs admit that the SEC orders they would have the Court notice are not alleged in their Complaint. Plaintiffs' Request at 2. Plaintiffs cannot amend their Complaint on the fly, especially as the briefing on the Motion is complete. The Court will decide the Motion and, if it grants it, will decide at that time whether Plaintiffs are allowed leave to amend.

Normally, Defendants would ask the Court to disregard Plaintiffs' Request on these procedural grounds and stop at that point. Plaintiffs' mischaracterizations of the SEC orders, however, require Defendants to write further, lest the Court be misled by Plaintiffs' Request.

Plaintiffs ignore clear statements in the SEC orders which establish that they do ***not*** make ***any*** findings binding on this case. The orders set forth only the SEC's findings, and only for the purposes of its administrative proceedings. The findings "are not binding on any other person or entity in this or any other proceeding." Plaintiffs' Request Ex. A at 2 n.1; Plaintiffs' Request Ex. B at 2 n.1. The respondents did not admit nor deny the findings, except for bankruptcy-related purposes. Plaintiffs' Request Ex. A at 1 (respondents RCI Hospitality Holdings, Inc. ("RCI"), Eric S. Langan, and Phillip K. Marshall); Plaintiffs' Request Ex. B at 2 (respondent Steven L. Jenkins).

Moreover, as a matter of law, the SEC orders did not and cannot establish anything about recklessness, even as Plaintiffs repeatedly assert otherwise. The statutes and rules on which the SEC asserted claims ***do not have scienter as an element***. As to RCI and Messrs. Langan and Marshall, they are:

- The proxy statement provisions of Exchange Act Section 14(a), 15 U.S.C. §78n(a), and the accompanying SEC Rules 14a-3 and 14a-9, 17 C.F.R. §§240.14a-3, 14a-9. Plaintiffs'

Request Ex. A ¶¶38-39.  Scienter is not an element of the implied private right of action under Section 14(a); negligence suffices.  *Panella v. Tesco Corp.*, No. 4:17-CV-02904, 2019 WL 1606349, *3 (S.D. Tex. Mar. 29, 2019), *aff'd sub nom. Heinze v. Tesco Corp.*, 971 F.3d 475 (5th Cir. 2020).

- The reporting provisions of Exchange Act Section 13(a) and the accompanying SEC Rule 13a-1, 15 U.S.C. §78m(a), 17 C.F.R. §240.13a-1; and SEC Rule 12b-20, 17 C.F.R. §240.12b-20.  Plaintiffs' Request Ex. A ¶40.  There is no private right of action under any of these provisions, and to establish a violation for its purposes the SEC need prove only that an issuer's filings were materially false.  *Securities & Exch. Comm'n v. Blackburn*, 431 F. Supp. 3d 774, 815 (E.D. La. 2019).

- Exchange Acts Sections 13(b)(2)(A) and (b)(2)(B), 15 U.S.C. §§78m(b)(2)(A), (2)(b).  Plaintiffs' Request Ex. A ¶41.  There is no private right of action under either statute, and to establish a violation for its purposes the SEC need prove only that an issuer failed to keep adequate books and records (for 13(b)(2)(A)) or internal controls (for 13(b)(2)(B)).  *Securities & Exch. Comm'n v. Rio Tinto plc*, No. 17 Civ. 7994 (AT), 2019 WL 1244933, *19 (S.D.N.Y. Mar. 18, 2019).

- The disclosure control provisions of SEC Rule 13a-15(a), 17 C.F.R. §240.13a-15(a).  Plaintiffs' Request Ex. A ¶42.  There is no private right of action under this Rule, and the only reported case that mentions it relates that the Rule encompasses a failure to maintain effective disclosure controls and procedures, without any mention of scienter.  *Securities & Exch. Comm'n v. AmTrust Financial Services, Inc.*, No. 20 Civ. 4652 (LLS), 2020 WL 4390745, *1 (S.D.N.Y. Jul. 31, 2019).

As to Mr. Jenkins, the only relevant provisions are Section 14(a) and SEC Rules 14a-3 and

14a-9, a non-scienter claim discussed above.  Plaintiffs' Request Ex. B ¶9.  While the SEC also found for its purposes that Mr. Jenkins had acted willfully, this means only that "the person charged with the duty knows what he is doing," not that there was any intent to defraud.  *Id*. ¶9 n.4.

Conspicuously absent from both SEC orders is Exchange Act Section 10(b) and the accompanying SEC Rule 10b-5, the scienter-based provisions on which Plaintiffs sue here.  15 U.S.C. §78j(b), 17 C.F.R. §240.10b-5.  Defendants thus object to the Court taking judicial notice of the SEC orders for the purposes sought by Plaintiffs.

If Plaintiffs believe that the SEC orders are probative in this case despite the foregoing and insist that the Court now take notice of them, the message the Court should take is the following: the government agency charged with enforcing the federal securities laws did *not* find it necessary to charge any defendant in this case with fraud or any scienter-based violation in order to fulfill its mission of protecting investors.[4]

Finally, Plaintiffs assert that *China Auto* supported scienter by allegations that an issuer impeded an investigation (Plaintiffs' Request at 7), but the SEC found the following as to RCI:

> In determining to accept the Offer, the Commission considered remedial acts undertaken by Respondent RCI and cooperation afforded the Commission staff.  Specifically, RCI undertook remedial efforts including (i) engagement of outside counsel to conduct an independent investigation; (ii) engagement of a third-party consultant to assist in reviewing and revising its executive compensation process, policies an controls; and (iii) implementing new internal controls and compliance policies and procedures concerning perquisites, aircraft usage, expense reimbursement, travel, and charitable contributions, related party transactions, and family employment.  In addition, RCI shared the results of its outside counsel's independent investigation with the Commission staff.

Plaintiffs' Request Ex. A ¶43.  This information, too, is unmentioned by Plaintiffs.

---

[4]  The agency also did not find it necessary to institute proceedings against Nour Dean-Anakar, and hence Plaintiffs should drop him as a defendant in this case.

Dated:  October 8, 2020

Respectfully submitted,

By: /s/ *Jason Lewis*

Jason S. Lewis
Texas Bar #24007551, SDTX #430226
**DLA Piper LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, Texas I 75201
Tel.: (214) 743-4500; Fax: (214) 743-4545
jason.lewis@dlapiper.com
***Attorney-In-Charge For Defendants***

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been

served electronically via the Court's CM/ECF system on October 8, 2020 on all counsel of record.

*/s/ Jason S. Lewis*
Jason S. Lewis