**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| | Master File No.: 4:19-cv-01841-AHB |
| In re RCI Hospitality Holdings, Inc. Securities Litigation | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| | This Document Pertains To: All Actions |

Defendants RCI Hospitality Holdings, Inc., Eric Langan, Phillip Marshall, Nour-Dean Anakar and Steven L. Jenkins (collectively referred to herein as "Defendants") answer Plaintiffs' and putative class members' (collectively, "Plaintiffs") Amended Class Action Complaint (the "Complaint") in the above-captioned matter and assert defenses as follows.

Except as hereinafter admitted, qualified, or explained, Defendants deny each and every allegation set forth in the Complaint. Defendants deny all headings in the Complaint to the extent they are directed at Defendants but incorporate them herein solely for clarity and consistency with the organization of the Complaint.

## I.　　NATURE OF THE ACTION AND OVERVIEW

1.　　Defendants deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.　　Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      Defendants deny the allegations contained in the first sentence of Paragraph 5 of Plaintiffs' Complaint.  The remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint purport to describe a document or material that speaks for itself or to make legal conclusions. To the extent further response is required, Defendants deny the remaining allegations.

6.      Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      Defendants admit that RCI participated in the Sidoti & Company Conference on or about March 29, 2017 in the Spring of 2017.  The remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint purport to describe a document or material that speaks for itself or to make legal conclusions.  To the extent further response is required, Defendants deny the remaining allegations.

10.     The allegations contained in Paragraph 10 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

11.     The allegations contained in Paragraph 11 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

12.     The allegations contained in Paragraph 12 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

13.    Defendants deny the allegations contained in the first sentence of Paragraph 13 of Plaintiffs' Complaint.    The remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

14.    The allegations contained in the first sentence of Paragraph 14 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.    To the extent further response is required, Defendants deny the allegations. Defendants deny the allegations contained in the second sentence of Paragraph 14 of Plaintiffs' Complaint.

15.    The allegations contained in the first sentence of Paragraph 15 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

16.    The allegations contained in Paragraph 16 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

17.    Defendants deny the allegations contained in the first sentence of Paragraph 17 of Plaintiffs' Complaint.    The remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

18.    Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.    The allegations contained in the first three sentences of Paragraph 19 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.    To the extent further response is required, Defendants deny the allegations.

Defendants deny the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.     The allegations contained in the first three sentences of Paragraph 23 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.    To the extent further response is required, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny the allegations contained in the first sentence of Paragraph 24 of Plaintiffs' Complaint. The allegations contained in the remaining sentences of Paragraph 24 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

## II.    JURISDICTION AND VENUE

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

## III.    PARTIES

### A.    Plaintiffs

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

**B.     Defendants**

37.     Defendants admit the allegations in the first sentence of Paragraph 37 of Plaintiffs' Complaint.  Defendants admit that RCI's common stock was traded on the NASDAQ under the symbol RICK. Defendants deny the remaining allegations in Paragraph 37 of Plaintiffs' Complaint.

38.     Defendants admit the allegations in the first sentence of Paragraph 38 of Plaintiffs' Complaint.  Defendants deny the second sentence of Paragraph 38.  Defendants admit the third and fourth sentences of Paragraph 38.

39.     The allegations contained in Paragraph 39 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

40.     Defendants admit that Langan is a Director of Tannos Land Holdings I, LLC, a Member of Tannos Land Holdings II, LLC, and a Director of Tannos Land Holdings, III, LLC. Defendants otherwise deny the remaining allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Defendants admit that Marshall was RCI's CFO from May 2007 through September 2020. Defendants admit the allegations contained in the second, third, fourth, fifth and sixth sentences contained in Paragraph 41 of Plaintiffs' Complaint.  Defendants admit that Marshall was a partner at Jackson & Rhodes in Dallas from 1992 to 200l, where he worked with small publicly held companies including Rick's Cabaret.  Defendants deny all remaining allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. The allegations contained in Paragraph 42 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

43. Defendants admit that Jenkins served as an independent director from June 2001 until his resignation on August 8, 2019 but deny the remaining allegations in the first sentence of Paragraph 43 of Plaintiffs' Complaint. Defendants admit that since joining the Board until his resignation, Jenkins was a member of the Audit Committee and throughout points of his tenure served on the Compensation and Nominating Committees and has been the Audit Committee's designated "financial expert," but otherwise deny the second sentence. The remaining sentences in Paragraph 43 purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

44. Defendants admit that during his time on the Board, Nour-Dean Anakar served as an independent director and a member of the Audit, Compensation, and Nominating Committees. Defendants deny the second sentence of Paragraph 44 of the Complaint. The remaining sentences in Paragraph 44 purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

**C.   Related Third Parties**

46. Defendants admit the first and second sentences in Paragraph 46 of Plaintiffs' Complaint. The remaining allegations in Paragraph 46 purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

47. Defendants admit the first sentence of Paragraph 47 of Plaintiffs' Complaint. Defendants deny the remaining allegations of Paragraph 47 of Plaintiffs' Complaint.

48.    Defendants admit the allegations in the first sentence of Paragraph 48 of Plaintiffs' Complaint. Defendants deny the remaining allegations in Paragraph 48 of Plaintiffs' Complaint.

49.    Defendants admit the first sentence in Paragraph 49 of Plaintiffs' Complaint. Defendants admit Reese has served as Director of Technology and as Corporate Secretary but otherwise deny the second sentence.  Defendants deny the third sentence.  Defendants admit that Reese was an airline company pilot prior to joining RCI but otherwise deny the fourth sentence.

50.    Defendants admit that Louis Tannos is the President of Tannos Construction but lack knowledge to admit or deny the remaining allegations in the first sentence of Paragraph 50 of Plaintiffs' Complaint.  Defendants deny the second, third, fourth sentence and fifth sentences. The last three sentences purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations. Defendants

51.    Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

## IV.    ADDITIONAL SUBSTANTIVE ALLEGATIONS

### A.    Background: RCI's Business

52.    Defendants admit that RCI is a holding company, which operates adult entertainment, restaurant and other businesses through various subsidiaries.  Defendants further admit that RCI operates approximately 48 establishments through approximately 119 subsidiaries. Defendants otherwise deny the remaining allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.    Defendants admit that RCI operates its Nightclubs business through subsidiaries under the names listed in the first sentence of Paragraph 53 but otherwise deny the allegation in that sentence. Defendants admit that RCI operates a dance club under the name Studio 80 through a subsidiary but otherwise denies the allegations in the second sentence of Paragraph 53.

54.     Defendants admit that RCI, through subsidiaries, operates Bombshells Restaurant & Bars in Houston, Dallas, Austin, Spring, Pearland, and Katy, but otherwise denies the allegations in the first sentence of Paragraph 54.  Defendants admit the remaining allegations in Paragraph 54.

**B.      During the Class Period, Defendants Misleadingly Assured Investors That Proper Auditing Procedures & Internal Controls Were In Place**

55.     The allegations contained in Paragraph 55 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

56.     The allegations contained in Paragraph 56 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

57.     The allegations contained in Paragraph 57 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

58.     The allegations contained in the first sentence of Paragraph 58 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations. Defendants deny the allegations contained in the second sentence of Paragraph 58 of Plaintiffs' Complaint.

59.     The allegations contained in Paragraph 59 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

C.    **Defendants Knew RCI's Internal Controls Suffered Material Weakness Not Reported By The Company Because Defendants Were Exploiting Those Weaknesses To Obtain Undisclosed Perquisites**

1.    **Defendants Underreported Executive Compensation**

60.    Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.    Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.    Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.    The allegations contained in Paragraph 63 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

64.    Defendants deny the allegations contained in Paragraph 64I.1 of Plaintiffs' Complaint.

65.    Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.    Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.    Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

2.    **Defendants Failed To Report Material Related Party Transactions**

68.    The allegations contained in Paragraph 68 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

69.    The allegations contained in Paragraph 69 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

70.    The allegations contained in Paragraph 70 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

71. The allegations contained in Paragraph 71 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

72. The allegations contained in Paragraph 72 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

73. The allegations contained in Paragraph 73 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

74. The allegations contained in Paragraph 74 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79. Defendants deny the first and second sentences of Paragraph 79 of Plaintiffs' Complaint. The third and fourth sentences purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations. Defendants deny the fifth sentence of Paragraph 79.

80. The allegations in Paragraph 80 purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations. Allegations

81.     Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     Defendants deny the allegations contained in the first sentence of Paragraph 82 of Plaintiffs' Complaint.  Defendants lack knowledge to admit or deny the allegations in the second sentence of Paragraph 82 of Plaintiffs' Complaint.

83.     The allegations contained in the first two sentences of Paragraph 83 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.   To the extent further response is required, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.     Defendants admit that BDO resigned on July 12, 2019 but otherwise deny the remaining allegations in Paragraph 84.

### 3.     Defendants Omitted Required Information Regarding A Director's Bankruptcies

85.     Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

### D.     RCI Partially Disclosed Material Weakness In Its Internal Controls, But Misleadingly Assured Investors Adequate Remedial Measures Were In Place

88.     Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.     The allegations contained in the first sentence of Paragraph 90 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.   To the extent further response is required, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.    The allegations contained in Paragraph 91 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

92.    Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.    The allegations contained in Paragraph 93 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

**E.    The Truth Is Revealed Through a Series of Partial Disclosures**

**1.    The SEC Launches an Inquiry and Defendants Delay Filing RCI's Q2 FY 209 Form 0-Q**

94.    The allegations contained in Paragraph 94 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

95.    Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

**2.    BDO Resigns As RCI's Auditor Due to Defendants' Failure to Sufficiently Investigate and Remedy Ongoing Internal Control Deficiencies**

96.    The allegations contained in Paragraph 96 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

97.    Defendants deny the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

**F.    Post Class Period Admissions—Special Committee Reveals Defendants Violated Reporting Requirements**

98.    The allegations contained in Paragraph 98 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

99.     The allegations contained in Paragraph 99 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

100.     The allegations contained in Paragraph 100 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

101.     The allegations contained in Paragraph 101 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

102.     The allegations contained in Paragraph 102 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

### G.     Further Post Class Period Revelations—Jenkins Resigns and The SEC Launches a Formal Investigation of Defendants

103.     Defendants admit that Jenkins resigned from the Board of Directors on August 8, 2019 and deny the remaining allegations in Paragraph 103.

104.     The allegations contained in Paragraph 104 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

105.     The allegations contained in Paragraph 105 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

106. The allegations contained in Paragraph 106 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

107. The allegations contained in Paragraph 107 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

## V. DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

108. Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

### A. Defendants' Materially Misleading Statements and Omissions Regarding Related Party Transactions

109. The allegations contained in Paragraph 109 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

110. Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111. The allegations contained in Paragraph 111 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

112. Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113. The allegations contained in Paragraph 113 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

114.    Defendants deny the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.    The allegations contained in Paragraph 115 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

116.    Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

**B.      Materially False and Misleading Executive Compensation Reporting**

119.    The allegations contained in Paragraph 119 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

120.    Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.    The allegations contained in the first three sentences of Paragraph 121 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.   To the extent further response is required, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.    The allegations contained in the first sentence of Paragraph 123 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.   To the extent further response is required, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125.    The allegations contained in Paragraph 125 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

126.    Defendants deny the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

### C.    Defendants' Materially False and/or Misleading Statements Regarding RCI's Internal Controls

127.    The allegations contained in the first sentence of Paragraph 127 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.   To the extent further response is required, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128.    Defendants deny the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.    The allegations contained in the first sentence of Paragraph 130 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal

conclusions.    To the extent further response is required, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.    The allegations contained in Paragraph 133 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

134.    Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135.    The allegations contained in the first sentence of Paragraph 135 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.    To the extent further response is required, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 135 of Plaintiffs' Complaint.

136.    The allegations contained in the first sentence of Paragraph 136 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.    To the extent further response is required, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137.    The allegations contained in Paragraph 137 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

138.     Defendants deny the allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139.     Defendants deny the allegations contained in Paragraph 139 of Plaintiffs' Complaint.

140.     Defendants deny the allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141.     The allegations contained in the first sentence of Paragraph 141 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.     To the extent further response is required, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 141 of Plaintiffs' Complaint.

### D.     Defendants' Misleading Director Biography Descriptions

142.     The allegations contained in Paragraph 142 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

143.     Defendants deny the allegations contained in Paragraph 143 of Plaintiffs' Complaint.

144.     The allegations contained in Paragraph 144 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

145.     Defendants deny the allegations contained in Paragraph 145 of Plaintiffs' Complaint.

146.     The allegations contained in Paragraph 146 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

147.    Defendants deny the allegations contained in Paragraph 147 of Plaintiffs' Complaint.

148.    The allegations contained in Paragraph 148 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

149.    Defendants deny the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

## VI.    ADDITIONAL ALLEGATIONS REGARDING DEFENDANTS' SCIENTER

150.    Defendants deny the allegations contained in Paragraph 150 of Plaintiffs' Complaint.

151.    Defendants deny the allegations contained in Paragraph 151 of Plaintiffs' Complaint.

152.    Defendants deny the allegations contained in the first sentence of Paragraph 152 of Plaintiffs' Complaint.  The remaining allegations contained in Paragraph 152 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations

153.    Defendants deny the allegations contained in the first sentence of Paragraph 153 of Plaintiffs' Complaint.  The remaining allegations contained in Paragraph 153 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations

154.    Defendants deny the allegations contained in the first sentence of Paragraph 154 of Plaintiffs' Complaint.  The remaining allegations contained in Paragraph 154 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations

**A.     Defendants Closely Reviewed RCI's Financial Reports And Were Aware Of Unreported Personal Use Of The Corporate Jet & Related Party Transactions**

155.    Defendants deny the allegations in Paragraph 155 of Plaintiffs' Complaint.

156.    Defendants deny the first sentence of Paragraph 156 of Plaintiffs' Complaint. Defendants admit that Marshall has experience in financial reporting and auditing procedures and was a partner at KPMG several years prior to joining RCI.  Defendants deny the allegations in the remaining sentences of Paragraph 156.

**B.     Defendants' SOX Certifications Further Demonstrate That They Acted With The Requisite Level Of Scienter**

157.    The allegations contained in Paragraph 157 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

158.    The allegations contained in Paragraph 158 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

159.    Defendants deny the allegations contained in Paragraph 159 of Plaintiffs' Complaint.

**C.     BDO's Resignation In Connection With The Internal Review Raises A Strong Inference Of Scienter**

160.    The allegations contained in Paragraph 160 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

161.    Defendants deny the allegations contained in the first sentence of Paragraph 161 of Plaintiffs' Complaint.  The remaining allegations contained in Paragraph 161 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal

conclusions.  To the extent further response is required, Defendants deny the allegations.

162.    Defendants deny the allegations contained in Paragraph 162 of Plaintiffs' Complaint.

163.    The allegations contained in Paragraph 163 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the extent further response is required, Defendants deny the allegations.

### D.    Defendants' Fraudulent Concealment Allowed Them To Artificially Prop Up RCI's Stock Price

164.    Defendants deny the allegations contained in Paragraph 164 of Plaintiffs' Complaint.

### E.    There Is A Strong Inference RCI Acted With The Requisite Scienter

165.    Defendants deny the allegations contained in Paragraph 165 of Plaintiffs' Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of Plaintiffs' Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of Plaintiffs' Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of Plaintiffs' Complaint.

## VII.   CLASS ACTION ALLEGATIONS

169.    Defendants deny the allegations contained in Paragraph 169 of Plaintiffs' Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of Plaintiffs' Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of Plaintiffs' Complaint.

172.    Defendants deny the allegations contained in Paragraph 172 of Plaintiffs' Complaint.

173.    Defendants deny the allegations contained in Paragraph 173 of Plaintiffs' Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of Plaintiffs' Complaint.

## VIII.    APPLICATION OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

175.    Defendants deny the allegations contained in Paragraph 175 of Plaintiffs' Complaint.

176.    Defendants deny the allegations contained in Paragraph 176 of Plaintiffs' Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of Plaintiffs' Complaint.

## IX.    APPLICABILITY OF PRESUMPTION OF RELIANCE: *AFFILIATED UTE*

178.    Defendants deny the allegations contained in Paragraph 178 of Plaintiffs' Complaint.

179.    Defendants deny the allegations contained in Paragraph 179 of Plaintiffs' Complaint.

## X.    LOSS CAUSATION

180.    Defendants deny the allegations contained in Paragraph 180 of Plaintiffs' Complaint.

181. Defendants deny the allegations contained in Paragraph 181 of Plaintiffs' Complaint.

182. Defendants deny the allegations contained in Paragraph 182 of Plaintiffs' Complaint.

183. Defendants deny the allegations contained in Paragraph 183 of Plaintiffs' Complaint.

184. The allegations contained in Paragraph 184 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

185. The allegations contained in Paragraph 185 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions. To the extent further response is required, Defendants deny the allegations.

186. Defendants deny the allegations contained in Paragraph 186 of Plaintiffs' Complaint.

## XI.   CAUSES OF ACTION

### FIRST CLAIM
### Violation of Section 10(b) of The Exchange Act and
### Rule 10b-5 Promulgated Thereunder
### Against Defendants RCI, Langan, and Marshall

187. To the extent a response is required, Defendants deny the allegations contained in Paragraph 187 of Plaintiffs' Complaint.

188. Defendants deny the allegations contained in Paragraph 188 of Plaintiffs' Complaint.

189. Defendants deny the allegations contained in Paragraph 189 of Plaintiffs'

Complaint.

190.    Defendants deny the allegations contained in Paragraph 190 of Plaintiffs' Complaint.

191.    Defendants deny the allegations contained in Paragraph 191 of Plaintiffs' Complaint.

192.    Defendants deny the allegations contained in Paragraph 192 of Plaintiffs' Complaint.

193.    Defendants deny the allegations contained in Paragraph 193 of Plaintiffs' Complaint.

194.    Defendants deny the allegations contained in Paragraph 194 of Plaintiffs' Complaint.

195.    Defendants deny the allegations contained in Paragraph 195 of Plaintiffs' Complaint.

196.    Defendants deny the allegations contained in Paragraph 196 of Plaintiffs' Complaint.

## SECOND CLAIM
### Violation of Section 20(a) of The Exchange Act
### Against the Individual Defendants

197.    To the extent a response is required, Defendants deny the allegations contained in Paragraph 197 of Plaintiffs' Complaint.

198.    Defendants deny the allegations contained in Paragraph 198 of Plaintiffs' Complaint.

199.    The allegations contained in Paragraph 199 of Plaintiffs' Complaint purport to describe documents or materials that speak for themselves and to state legal conclusions.  To the

extent further response is required, Defendants deny the allegations.

200.    Defendants deny the allegations contained in Paragraph 200 of Plaintiffs' Complaint.

201.    Defendants deny the allegations contained in Paragraph 201 of Plaintiffs' Complaint.

202.    Defendants deny the allegations contained in Paragraph 202 of Plaintiffs' Complaint.

## XII.    PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief as a result of brining this action.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants asserts the following affirmative and other defenses to the claims and allegations asserted by Plaintiffs and putative class members (collectively, "Plaintiffs"):

1.    The Complaint fails to state a claim against Defendants upon which relief may be granted.

2.    Many of the matters now claimed by the Complaint to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and were at all times reflected in the price of RCI's stock, such that the purchasers of RCI securities did not pay an artificially inflated price for these securities.

3.    Plaintiffs' claims are barred because they have failed to plead fraud with sufficient particularity.

4.    Assuming, *arguendo*, that Defendants acted or omitted to act as alleged, any alleged misrepresentations did not and could not have impacted the price of RCI's stock.

5.    Plaintiffs failed to undertake a prompt and reasonable investigation of RCI's business, financial, sales, managerial and product development condition, and such a prompt and reasonable

investigation would have prevented or mitigated Plaintiffs' damages, if any.

6.      Plaintiffs were expressly advised in RCI's public filings and otherwise regarding the material facts concerning their investments. Plaintiffs therefore assumed the risk of any loss and are estopped from recovering any relief.

7.      Any recovery for damages is subject to offset in the amount of any value gained through the investment (including tax benefits actually received) and is subject to the "90-day bounce-back" damages limitation (15 U.S.C. § 78u-5(e)).

8.      Plaintiffs' claims are barred because Defendants relied, in good faith, and were entitled to so rely, on the advice and information provided to them by accountants, auditors, consultants, and other professional advisors.

9.      Defendants acted in good faith and did not materially assist in any violation of law nor directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

10.     Plaintiffs' claims are barred because they purchased RCI Hospitality securities in reliance on factors other than the misrepresentations or omissions alleged in the Complaint, and/or in reliance on factors other than the efficient market.

11.     Each of the Defendants alleged to be a control person under Section 20(a) of the Securities Act of 1934 acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

12.     The acts and omissions of Defendants, if any, were excused and/or justified by the information and facts available to it at the time such acts and omissions, if any, occurred.

13.     Plaintiffs' claims are barred, in whole or in part, because and damages allegedly suffered by Plaintiffs were not caused by Defendants.

14.     Plaintiffs' claims are barred because the damages complained of were the result of the

intervening actions of others and were not proximately caused by the actions or omissions of Defendants.

15. Plaintiffs' claims are barred, in whole or in part, by the principles of assumption of risk because Plaintiffs knew about the risks and voluntarily undertook the risks that led to the injuries alleged in the Complaint.

16. Plaintiffs' claims are barred, in whole or in part, by estoppel.

17. Plaintiffs' claims are barred, in whole or in part, by waiver.

18. Plaintiffs' claims are barred, in whole or in part, by laches.

19. Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law or pursuant to statute or may be revealed by discovery proceedings in this case and hereby reserve the right to amend this Answer to assert such defenses.

WHEREFORE, Defendants request that judgment be entered for Defendants on all matters; that Plaintiffs' Amended Class Action Complaint be dismissed with prejudice; and that all such other and further relief as this Court deems just and proper be granted.

[signature page follows]

Dated:  April 14, 2021

Respectfully submitted,

By:  /s/ *Jason Lewis*
Jason S. Lewis
*Attorney-In-Charge For Defendants*
Texas Bar #24007551, SDTX #430226
Marina Stefanova
Texas Bar #24093200, SDTX #3026496
**DLA Piper LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
jason.lewis@dlapiper.com
marina.stefanova@dlapiper.com

David Priebe (*admitted pro hac vice*)
California Bar #148679
**DLA Piper LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 833-2000
david.priebe@dlapiper.com

*Attorneys For Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been served electronically via the Court's CM/ECF system on April 14, 2021 on all counsel of record.

_/s/ Jason S. Lewis_
Jason S. Lewis