# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re RCI Hospitality Holdings, Inc.<br>Securities Litigation | Master File No.: 4:19-cv-01841-AHB |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1.      I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over twenty years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred (500) class action cases since its inception.  I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.      Pursuant to the Court's Unopposed Order Preliminarily Approving Settlement and Providing for Notice, dated April 28, 2022 (Dkt. No. 71, the "Preliminary Approval Order"), SCS was retained as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims in the above-captioned action (the "Action").[1]  I submit this declaration in order to provide the Court and the Parties information regarding the notifications to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated April 14, 2022 (Dkt. No. 70-1, the "Stipulation").

3.     To provide notice to those persons and entities that purchased or otherwise acquired common stock of RCI Hospitality Holdings Inc. ("RCI") between December 13, 2016 and July 18, 2019, inclusive (the "Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class.  A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

4.     As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 878 banks and brokerage companies ("Nominee Account Holders"), as well as 1,048 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On May 13, 2022, SCS caused a letter to be mailed or e-mailed to the 1,926 nominees contained in the SCS master mailing list.  The letter notified nominees of the Settlement and requested that they, within 7 calendar days from the date of the letter, either send the Postcard Notice or email the link to the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form") on the settlement website to their customers who may be beneficial purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial purchasers/owners so that SCS could promptly either mail the Postcard Notice or email the link to the Notice and Claim Form

2

on the settlement website directly to them. A copy of the letter sent to these nominees is attached as **Exhibit B** and a copy of the Notice and Claim Form is attached as **Exhibit C**.

5. SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 23 individuals and organizations identified in the transfer records that were provided by the transfer agent, Colonial Stock Transfer Co, Inc. These records reflect persons and entities that purchased RCI common stock for their own account, or for the account(s) of their clients, during the Settlement Class Period. The transfer record mailing was completed on May 16, 2022.

6. Following these mailings, SCS received 7,611 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received 2,845 requests from nominees for Postcard Notices so that the nominees could forward them to their customers, and SCS received notification from two nominees that they mailed the Postcard Notice to 255 of their customers. To date, 10,711 Postcard Notices have been mailed to potential Settlement Class Members.

7. Additionally, SCS emailed 7 links of the Notice and Claim Form to the settlement website to the email addresses provided by Lead Counsel, and SCS was notified by a nominee that they emailed 2,897 of their clients to notify them of this settlement and provided the link to the Notice and Claim Form on the settlement website. To date, 2,904 links to the Notice and Claim Form were emailed to potential Settlement Class Members.

8. In total, 13,638 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a link to the Notice and Claim Form.

9. SCS also sent the Depository Trust Company ("DTC") the Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on May 13, 2022. LENS

provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

## PUBLICATION OF THE SUMMARY NOTICE

10.     Pursuant to the Preliminary Approval Order, the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") was published once in *Investor's Business Daily* and transmitted once over the *PR Newswire* on June 6, 2022, as shown in the confirmations of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11.     SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement as well as request the Notice and Claim Form. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBSITE

12.     On May 13, 2022, SCS established the settlement website at www.rciholdingssecuritiessettlement.com.  The website is accessible 24 hours a day, 7 days a week.  The website contains a home page; an important documents page with the Notice and Claim Form, the Order Continuing Settlement Hearing, the Preliminary Approval Order, the Stipulation, the Defendants' Answer and Affirmative Defenses to Amended Class Action Complaint, the Order Denying Motion to Dismiss, and the Amended Class Action Complaint for Violations of the Federal Securities Laws; an online claim submission page; a nominees page;

4

and a contact us page. To date, the settlement website has received 1,886 pageviews from 566 unique users.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13. The Notice, Summary Notice, Postcard Notice, and the settlement website informed potential Settlement Class Members that written requests for exclusion are to be mailed or delivered to SCS such that they are received no later than July 22, 2022. SCS has been monitoring all mail delivered for this case. As of the date of this Declaration, SCS has not received any requests for exclusion.

14. According to the Notice, Summary Notice, Postcard Notice, and the settlement website, Settlement Class Members seeking to object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses must be submitted to Lead Counsel and Defendants' Counsel, as well as filed with the Clerk of the Court, no later than July 22, 2022. As of the date of this Declaration, SCS has not received any objections and SCS has not been notified that any objection was submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 7th day of July 2022, in Media, Pennsylvania.


Josephine Bravata

Josephine Bravata

5

**EXHIBIT A**

In re RCI Hospitality Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 10963

*COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re RCI Hospitality Securities Litigation*
Case No. 4:19-cv-01841

There has been a proposed Settlement of claims against RCI Hospitality Holdings Inc. ("RCI") and certain executives and directors of RCI (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public about RCI's related party transactions and the adequacy of its internal controls, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired RCI common stock between December 13, 2016 and July 18, 2019, inclusive, and been damaged thereby.

Defendants have agreed to pay a Settlement Amount of $2,200,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.RCIHoldingsSecuritiesSettlement.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in RCI common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.38 per eligible security before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.RCIHoldingsSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator at (866) 274-4004. **Claim Forms must be postmarked by <u>September 23, 2022 to the Claims Administrator</u>**. If you do not want to be legally bound by the Settlement, you must exclude yourself by July 22, 2022, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by July 22, 2022. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a hearing in this case on August 12, 2022, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $135,000 for litigating the case, and reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class in an amount not to exceed $3,000 per Plaintiff. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866) 274-4004 or visit the website www.rciholdingssecuritiessettlement.com and read the detailed Notice.

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net          FAX: (610) 565-7985

May 13, 2022

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED COMMON STOCK OF RCI HOSPITALITY HOLDINGS INC. DURING THE PERIOD BETWEEN DECEMBER 13, 2016 AND JULY 18, 2019, INCLUSIVE.

Excluded from the Settlement Class are (a) Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the immediate family of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, predecessors and affiliates of RCI; (d) any person who served as officers and/or directors of RCI during the Settlement Class Period, and/or as an officer or director of any related party of RCI or the Individual Defendants as alleged in the operative complaint, and their immediate family members; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest during the Settlement Class Period; (f) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his or her immediate family; and (g) Defendants' liability insurance carriers.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *In re RCI Hospitality Holdings, Inc. Securities Litigation*<br>Master File No.: 4:19-cv-01841-AHB<br>Exclusion Deadline: July 22, 2022<br>Objection Deadline: July 22, 2022<br>Settlement Hearing: August 12, 2022<br>Claim Filing Deadline: September 23, 2022 | Cusip Numbers: 74934Q108 |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE</u>

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the link to the Notice and Claim Form or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have seven (7) calendar days to mail them; or
4. Request a link to the Notice and Proof of Claim Form and advise us that you will be emailing the link to your beneficial purchasers/owners within seven (7) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per Long Notice and Claim Form link emailed** OR
- **$0.05 per name, address and email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator if** you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**
You are on record as having been notified of the legal matter. A copy of the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Proof of Claim Form and Release Form and all the important documents are available on our website at www.RCIHoldingsSecuritiesSettlement.com. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.
Sincerely,

Claims Administrator
In re RCI Hospitality Holdings, Inc. Securities Litigation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re RCI Hospitality Holdings, Inc. Securities Litigation | Master File No.: 4:19-cv-01841-AHB |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of Texas (the "Court"), if, during the period between December 13, 2016 and July 18, 2019, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired RCI Hospitality Holdings Inc. common stock and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Roger DeMaggio, Patrick Prahl, Justin Kinslow, Joseph Milo, and Edgar M. Kee ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 24 below), have reached a proposed settlement of the Action for $2,200,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact RCI, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 77 below).**

1.      **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants RCI Hospitality Holdings, Inc. ("RCI" or the "Company") and defendants Eric Langan ("Langan"), Phillip Marshall ("Marshall"), Nour-Dean Anakar ("Anakar"), and Steven L. Jenkins ("Jenkins") (collectively, "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding RCI.  A more detailed description of the Action is set forth in paragraphs 11-23 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 24 below.

2.      **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $2,200,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth  in paragraphs 50-61 below.

3.      **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimates of the number of shares of RCI common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement,

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 14, 2022 (the "Stipulation"), which is available at www.RCIHoldingsSecuritiesSettlement.com.

[2]  Defendants Langan, Marshall, Anakar, and Jenkins are collectively referred to herein as the "Individual Defendants."

the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share of common stock is $0.38. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares of RCI common stock purchased/acquired, when and at what prices they purchased/acquired or sold their RCI common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 50-61 below) or such other plan of allocation as may be ordered by the Court.

4.     **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.     **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A., will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $135,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of RCI common stock, if the Court approves Lead Counsel's fee and expense application, is $0.15 per share.

6.     **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by Kara M. Wolke, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com and Phillip Kim, Esq., of The Rosen Law Firm, P.A., 275 Madison Ave, 40th Floor, New York, NY 10016 (212) 686-1060, pkim@rosenlegal.com.

7.     **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN SEPTEMBER 23, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 33 below) that you have against Defendants' Releasees (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 22, 2022.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any Defendants' Releasee concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 22, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON AUGUST 12, 2022 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JULY 22, 2022.** | Filing a written objection and notice of intention to appear by July 22, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4

How Do I Know If I Am Affected By The Settlement? Who Is Included
    In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

How Are Settlement Class Members Affected By The Action And
    The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . . . . Page 8

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8

What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing? May I Speak At The Hearing If I
    Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14

Can I See The Court File? Whom Should I Contact If I Have Questions? . . . . . . . . . . . Page 14

3

## WHY DID I GET THE POSTCARD NOTICE?

8.     The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired shares of RCI common stock during the Settlement Class Period.   The Court also directed that this Notice be posted online at www.RCIHoldingsSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to submit a claim form or exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 68 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.     Beginning on May 21, 2019, three class action complaints were filed in the United States District Court for the Southern District of Texas (the "Court"), styled *Hoffman v. RCI Hospitality Holdings, Inc. et al.*, No. 4:19-cv-01841 (AHB), *Gu v. RCI Hospitality Holdings, Inc. et al.*, No. 4:19-cv-01917 (KPE), and *Grossman v. RCI Hospitality Holdings, Inc. et al.*, No. 4:19-cv-02318 (KMH).

12.     By Order dated January 10, 2020, the Court ordered that the cases be consolidated and recaptioned as *In re RCI Hospitality Holdings, Inc. Securities Litigation*, Master File No. 4:19-cv-01841 and Lead Plaintiffs and Lead Counsel were approved and appointed by the Court.

13.     On February 24, 2020, Lead Plaintiffs filed and served their Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements and omissions about the Company's related party transactions and the adequacy of its internal controls.  The Complaint further alleged that the prices of RCI's publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14.     On April 24, 2020, Defendants filed and served a motion to dismiss the Complaint.  On June 23, 2020, Lead Plaintiffs served their papers in opposition and, on July 23, 2020, Defendants served their reply papers.

15.     On September 28, 2020, Lead Plaintiffs filed and served a request for judicial notice of two exhibits and a notice of supplement authority.  On October 8, 2020, Defendants filed their response to Lead Plaintiffs' request.

16.     On March 31, 2021, the Court denied Defendants' motion to dismiss in its entirety.[3]

17.     On April 14, 2021. Defendants filed and served their answer and affirmative defenses to the Complaint.

18.     From May 2021 through December 2021, the Parties engaged in fact discovery.  The Parties exchanged initial disclosures on May 24, 2021.  The Parties negotiated an agreed confidentiality order and a protocol to govern the

---

[3] The Court denied without prejudice Lead Plaintiffs' request for judicial notice as moot because the Complaint was sufficient to survive Defendants' motion to dismiss.

production of electronically stored information and other documents in the Action.  Lead Plaintiffs served their first set of requests for production of documents on June 29, 2021.  Lead Plaintiffs also served three (3) third-party subpoenas for production of documents on various third parties, including two furniture fabrication companies owned by close relatives of the Company's CEO and a construction company which provided services to RCI, in addition to a Freedom of Information Act request to the SEC.  Over the course of the approximately eight-month discovery period, Lead Counsel reviewed and analyzed more than 45,936 pages of documents produced by Defendants and third parties.

19.    While Lead Plaintiffs were actively pursuing fact discovery, the Parties agreed to participate in private mediation.  The Parties selected Michelle Yoshida, Esq., of Phillips ADR to serve as a mediator.  The Parties exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages.  The Parties participated in a full-day mediation session that took place virtually and in person in Corona Del Mar, California on January 13, 2022.  The session ended without any agreement being reached.

20.    Over the course of the next several days, Ms. Yoshida conducted further discussions with the Parties, which culminated in a mediator's recommendation to resolve the Action for $2,200,000 in cash for the benefit of the Settlement Class, which the Parties accepted on January 22, 2022.

21.    Based on the investigation and mediation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

22.    Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each Defendant denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants' Releasees (defined in ¶ 34 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

23.    On April 28, 2022, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

24.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired RCI common stock between December 13, 2016 and July 18, 2019, inclusive (the "Settlement Class Period"), and who were damaged thereby.

Excluded from the Settlement Class are (1) persons who suffered no compensable losses; and (2) (a) Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the immediate families of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, predecessors and affiliates of RCI; (d) any persons who served as officers and/or directors of RCI during the Settlement Class Period, and/or as an officer or director of any related party of RCI or the Individual Defendants as alleged in the operative complaint, and their immediate family members; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest during the Settlement Class Period; (f) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his or her immediate family; and (g) Defendants' liability insurance carriers.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 12 below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.RCIHoldingsSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, submitted online or postmarked no later than September 23, 2022.**

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

25.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Even if the hurdles to establishing liability were overcome, the amount of damages potentially recoverable would be hotly contested.  Plaintiffs would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

26.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $2,200,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

27.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

28.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
BY THE ACTION AND THE SETTLEMENT?**

29.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 12 below.

30.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 12 below.

31.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

6

32.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 33 below) against Defendants' Releasees (as defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any Defendants' Releasee.

33.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of RCI common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court; and (iii) claims asserted in the derivative action currently pending in the United States District Court for the Southern District of Texas, captioned *Stein v. Anakar, et al.*, No. 4:22-mc-00149.

34.    "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, trusts, insurers, reinsurers, and attorneys, in their capacities as such.

35.    "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

36.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 37 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 38 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

37.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

38.    "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and any other Settlement Class Member, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, trusts, and attorneys, in their capacities as such.

7

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
|---|

39.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than September 23, 2022**.  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.RCIHoldingsSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004.  Please retain all records of your ownership of and transactions in RCI common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

40.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.     Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid two million two hundred thousand dollars ($2,200,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

43.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

44.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before September 23, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 33 above) against the Defendants' Releasees (as defined in ¶ 34 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

46.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in RCI common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of RCI common stock during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

47.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

49.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired RCI common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security included in the Settlement is RCI common stock.

## PROPOSED PLAN OF ALLOCATION

50.     The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Settlement Website, www.RCIHoldingsSecuritiesSettlement.com.

51.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share").  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

52.     If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-sectarian, not-for-profit organization selected by Lead Counsel and approved by the Court.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

53.     **Recognized Loss for the Company's Common Stock (Symbol: RICK) Purchased During the Settlement Class Period will be calculated as follows:**

    (A)     For shares purchased during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per share will be the *lesser* of: (i) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (ii) the purchase price per share minus the sales price per share.

    (B)     For shares purchased during the Settlement Class Period and sold during the period July 19, 2019 through October 16, 2019 inclusive, the Recognized Loss will be the *lesser* of: (i) the inflation per share upon purchase (as set forth in Inflation Table A below); or (ii) the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table B below.

9

(C)    For shares purchased during the Settlement Class Period <u>and retained as of the close of trading on October 16, 2019,</u> the Recognized Loss will be the *lesser* of: (i) the inflation per share upon purchase (as set forth in Inflation Table A below); or (ii) the purchase price per share minus the 90-day lookback price of $17.56[4] per share.

| INFLATION TABLE A | |
|---|---|
| Common Stock Purchased During the Settlement Class Period | |
| **Period** | **Inflation** |
| December 13, 2016 to May 12 2019, inclusive | $3.16 per share |
| May 13, 2019 to July 18, 2019, inclusive | $2.08 per share |

| TABLE B | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 7/19/2019 | $ 14.65 | $ 14.65 | | 8/19/2019 | $ 16.54 | $ 16.12 | | 9/18/2019 | $ 17.27 | $ 16.73 |
| 7/22/2019 | $ 14.25 | $ 14.45 | | 8/20/2019 | $ 17.05 | $ 16.16 | | 9/19/2019 | $ 16.97 | $ 16.74 |
| 7/23/2019 | $ 15.29 | $ 14.73 | | 8/21/2019 | $ 17.38 | $ 16.22 | | 9/20/2019 | $ 17.00 | $ 16.75 |
| 7/24/2019 | $ 16.08 | $ 15.07 | | 8/22/2019 | $ 17.64 | $ 16.27 | | 9/23/2019 | $ 16.97 | $ 16.75 |
| 7/25/2019 | $ 16.07 | $ 15.27 | | 8/23/2019 | $ 17.13 | $ 16.31 | | 9/24/2019 | $ 18.38 | $ 16.78 |
| 7/26/2019 | $ 17.80 | $ 15.69 | | 8/26/2019 | $ 17.55 | $ 16.35 | | 9/25/2019 | $ 19.54 | $ 16.84 |
| 7/29/2019 | $ 16.71 | $ 15.84 | | 8/27/2019 | $ 16.67 | $ 16.36 | | 9/26/2019 | $ 20.29 | $ 16.91 |
| 7/30/2019 | $ 17.22 | $ 16.01 | | 8/28/2019 | $ 17.08 | $ 16.39 | | 9/27/2019 | $ 20.98 | $ 16.99 |
| 7/31/2019 | $ 16.95 | $ 16.11 | | 8/29/2019 | $ 17.30 | $ 16.42 | | 9/30/2019 | $ 20.68 | $ 17.07 |
| 8/1/2019 | $ 16.16 | $ 16.12 | | 8/30/2019 | $ 17.80 | $ 16.46 | | 10/1/2019 | $ 20.67 | $ 17.14 |
| 8/2/2019 | $ 15.95 | $ 16.10 | | 9/3/2019 | $ 17.21 | $ 16.49 | | 10/2/2019 | $ 20.52 | $ 17.20 |
| 8/5/2019 | $ 15.62 | $ 16.06 | | 9/4/2019 | $ 16.92 | $ 16.50 | | 10/3/2019 | $ 19.74 | $ 17.25 |
| 8/6/2019 | $ 15.42 | $ 16.01 | | 9/5/2019 | $ 17.36 | $ 16.52 | | 10/4/2019 | $ 19.76 | $ 17.29 |
| 8/7/2019 | $ 15.61 | $ 15.98 | | 9/6/2019 | $ 16.88 | $ 16.53 | | 10/7/2019 | $ 19.59 | $ 17.33 |
| 8/8/2019 | $ 16.23 | $ 16.00 | | 9/9/2019 | $ 17.26 | $ 16.55 | | 10/8/2019 | $ 19.55 | $ 17.37 |
| 8/9/2019 | $ 16.05 | $ 16.00 | | 9/10/2019 | $ 17.85 | $ 16.59 | | 10/9/2019 | $ 19.29 | $ 17.41 |
| 8/12/2019 | $ 15.98 | $ 16.00 | | 9/11/2019 | $ 17.66 | $ 16.62 | | 10/10/2019 | $ 19.12 | $ 17.43 |
| 8/13/2019 | $ 16.43 | $ 16.03 | | 9/12/2019 | $ 17.76 | $ 16.65 | | 10/11/2019 | $ 19.42 | $ 17.47 |
| 8/14/2019 | $ 15.62 | $ 16.00 | | 9/13/2019 | $ 17.80 | $ 16.68 | | 10/14/2019 | $ 19.25 | $ 17.50 |
| 8/15/2019 | $ 16.45 | $ 16.03 | | 9/16/2019 | $ 17.64 | $ 16.70 | | 10/15/2019 | $ 19.51 | $ 17.53 |
| 8/16/2019 | $ 17.66 | $ 16.10 | | 9/17/2019 | $ 17.63 | $ 16.72 | | 10/16/2019 | $ 19.18 | $ 17.56 |

54.    For purposes of calculating your Recognized Loss, the date of purchase or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of RCI common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of RCI common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed

---

[4] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $17.56 per share was the mean (average) daily closing trading price of the RCI's common stock during the 90-day period beginning on July 19, 2019 through and including October 16, 2019.

an assignment of any claim relating to the purchase/acquisition of any shares of RCI common stock unless (i) the donor or decedent purchased or otherwise acquired such RCI common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such RCI common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.  The covering purchase of a short sale is not an eligible purchase.

55.     For purposes of calculating your Recognized Loss, all purchases and sales shall be matched on a First In First Out ("FIFO") basis in chronological order.  Therefore, on the Proof of Claim Form, you must provide all your purchases of RCI shares during the period December 13, 2016 through and including October 16, 2019.  Shares of RCI common stock purchased and sold during the Settlement Class Period must have been sold at a loss and after an alleged corrective disclosure to qualify as a Recognized Loss.  Trading gains, if any, will have a Recognized Loss of $0.

56.     Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Plaintiffs' Counsel or the Claims Administrator or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court

57.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of RCI common stock.  The date of a "short sale" is deemed to be the date of sale of RCI common stock.  Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant has an opening short position in RCI common stock, the earliest Settlement Class Period purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

58.     Option contracts are not securities eligible to participate in the Settlement.  With respect to RCI common stock purchased or sold through the exercise of an option, the purchase/sale date of RCI common stock is the exercise date of the option and the purchase/sale price of RCI common stock is the exercise price of the option.

59.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in RCI common stock during the Settlement Class Period, the value of the Claimant's Recognized Loss shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in RCI common stock during the Settlement Class Period, but that market loss was less than the total Recognized Loss calculated above, then the Claimant's Recognized Loss shall be limited to the amount of the actual market loss.

60.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in RCI common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Total Holding Value.[7]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in RCI common stock during the Settlement Class Period.

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all RCI common stock purchased or acquired during the Settlement Class Period.

[6] The Claims Administrator shall match any sales of RCI common stock during the Settlement Class Period, first against the Claimant's opening position in the like security (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of RCI common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[7] The Claims Administrator shall ascribe a holding value to RCI common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on July 18, 2019 which shall be $14.65 per share.  The total calculated holding values for all RCI common stock shall be the Claimant's "Total Holding Value."

11

61.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website at www.RCIHoldingsSecuritiesSettlement.com.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

---

62.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $135,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

---

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

---

63.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re RCI Hospitality Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.  The exclusion request must be *received* no later than July 22, 2022.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re RCI Hospitality Holdings Inc., Securities Litigation*, Case No. 4:19-CV-01841"; (c) identify and state the number of share of RCI common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between December 13, 2016 and July 18, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

64.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

65.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

66.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

---

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

67.     **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

12

68. The Settlement Hearing will be held on August 12, 2022 at 10:00 a.m., before the Honorable Alfred H. Bennett at the United States District Court for the Southern District of Texas, United States Courthouse, Courtroom 8C, 515 Rusk Avenue, Houston, TX 77002. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|---|---|---|
| United States District Court Southern District of Texas Clerk of the Court United States Courthouse 515 Rusk Avenue Houston, TX 77002 | **Glancy Prongay & Murray LLP** Kara M. Wolke, Esq. 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 -AND- **The Rosen Law Firm, P.A.** Phillip Kim, Esq. 275 Madison Avenue, 40th Floor New York, NY 10016 | **DLA Piper LLP (US)** Jason Lewis, Esq. 1900 N. Pearl Street, Suite 2200 Dallas, TX 75201 |

69. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of Texas at the address set forth below on or before July 22, 2022. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before July 22, 2022**.

70. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of RCI common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e*., between December 13, 2016 and July 18, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

71. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

72. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before July 22, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

73. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 69 above so that the notice is *received* **on or July 22, 2022**.

74. The Settlement Hearing may be adjourned by the Court, or held telephonically, without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date, time and location on the settlement website, www.rciholdingssecuritiessettlement.com, and Lead Counsel, given potential changes as a result of the COVID-19 pandemic.

13

75. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

76. If you purchased or otherwise acquired RCI common stock between December 13, 2016 and July 18, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of the Claims Administrator's mailed or emailed notice of the Settlement, request a link to the Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement, provide a list of the names and addresses of all such beneficial owners to *In re RCI Hospitality Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. If you choose the third option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order up to a maximum of $0.05 per name and address provided to the Claims Administrator; up to $0.05 per Postcard Notice actually mailed, plus postage at the rate used by the Claims Administrator; or up to $0.05 per link to the Notice and Claim Form transmitted by email. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.RCIHoldingsSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-866-274-4004.

### CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

77. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, TX 77002. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.rciholdingssecuritiessettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| | | |
|---|---|---|
| *In re RCI Hospitality Securities Litigation*<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson Street, Suite 205<br>Media, PA 19063<br>(866) 274-4004<br>www.RCIHoldingsSecuritiesSettlement.com | and/or | Kara M. Wolke, Esq.<br>GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>(888) 773-9224<br>settlements@glancylaw.com<br><br>-AND-<br><br>Phillip Kim, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>(212) 686-1060<br>pkim@rosenlegal.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: April 28, 2022

By Order of the Court
United States District Court
Southern District of Texas

*In re RCI Hospitality Securities Litigation*
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**
**Toll Free Number: (866) 274-4004**
**Settlement Website: www.RCIHoldingsSecuritiesSettlement.com**
**Email:  info@strategicclaims.net**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it online at www.RCIHoldingsSecuritiesSettlement.com or mail it by first-class mail to the above address, **submitted online or postmarked no later than September 23, 2022.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **17** |
| **PART II – GENERAL INSTRUCTIONS** | **18** |
| **PART III – SCHEDULE OF TRANSACTIONS IN RCI COMMON STOCK** | **21** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **22** |

16

RCI Hospitality

## **PART I – CLAIMANT INFORMATION**

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                                State              Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                          Telephone Number (work)

Email address (E-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[8]:

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)   ☐ Pension Plan   ☐ Trust
- ☐ Corporation                                                        ☐ Estate
- ☐ IRA/401K                                                           ☐ Other _____ (please specify)

---

[8] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

RCI Hospitality

## PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2. This Claim Form is directed to all persons or entities who between December 13, 2016 and July 18, 2019, inclusive (the "Settlement Class Period"), purchased or acquired RCI Hospitality Holdings Inc. ("RCI") common stock ("RCI Stock") and were damaged thereby (the "Settlement Class"). All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3. Excluded from the Settlement Class are (1) persons who suffered no compensable losses; and (2) (a) Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the immediate families of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, predecessors and affiliates of RCI; (d) any persons who served as officers and/or directors of RCI during the Settlement Class Period, and/or as an officer or director of any related party of RCI or the Individual Defendants as alleged in the operative complaint, and their immediate family members; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest during the Settlement Class Period; (f) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his or her immediate family; and (g) Defendants' liability insurance carriers. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.

4. If you are not a Settlement Class Member do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5. If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting each and every Released Plaintiffs' Claims (including Unknown Claims) against Defendants' Releasees.

6. You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7. Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8. Use the Schedules of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable RCI Stock. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable RCI Stock, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

18

9.    Please note:  Only RCI Stock purchased/acquired during the Settlement Class Period (*i.e.*, from December 13, 2016 and July 18, 2019, inclusive) are eligible under the Settlement.  However, because the PSLRA provides for a "90-day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases and sales of RCI Stock during the period from July 19, 2019, through and including October 16, 2019 (*i.e.*, the 90-day look-back period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.    You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable RCI Stock set forth in the Schedules of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in RCI Stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.    All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired RCI Stock during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired RCI Stock during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the RCI Stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the RCI Stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

15.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

19

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.     PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, Strategic Claims Services at P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063 by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004 or you may download the documents from the Settlement website, www.RCIHoldingsSecuritiesSettlement.com.

19.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.RCIHoldingsSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

20.     NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.RCIHoldingsSecuritiesSettlement.com.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

RCI Hospitality

### PART III – SCHEDULE OF TRANSACTIONS IN RCI STOCK

Complete this Part III if and only if you purchased/acquired RCI Stock during the period from December 13, 2016 through and including July 18, 2019.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than RCI Stock purchased.

**1.  BEGINNING HOLDINGS** – State the total number of shares of RCI Stock held as of the close of trading on December 12, 2016.  (Must be documented.)  If none, write "zero" or "0." _____

**2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH OCTOBER 16, 2019**– Separately list each and every purchase/acquisition (including free receipts) of RCI Stock from after the opening of trading on December 13, 2016, through and including the close of trading on October 16, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3.  SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH OCTOBER 16, 2019** – Separately list each and every sale/disposition (including free deliveries) of RCI Stock from after the opening of trading on December 13, 2016, through and including the close of trading on October 16, 2019. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**4.  ENDING HOLDINGS –** State the total number of shares of RCI Stock held as of the close of trading on October 16, 2019.  (Must be documented.)  If none, write "zero" or "0." _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUSTPHOTOCOPY THIS PAGE AND CHECK THIS BOX**

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

21

RCI Hospitality

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

## *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 23 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) successors and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum asserting any or all of the Released Plaintiffs' Claims against any Defendants' Releasee.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1. that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 18 of this Claim Form, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 18 of this Claim Form;

3. that I (we) own(ed) the RCI Stock identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of RCI Stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7. that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8. that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9. that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

22

RCI Hospitality

---

Signature of Claimant                                                                Date

---

Print your name here

---

Signature of joint Claimant, if any                                             Date

---

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

---

Signature of person signing on behalf of Claimant                   Date

---

Print your name here

---

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 19 OF THIS CLAIM FORM.)

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN SEPTEMBER 23, 2022**, ADDRESSED AS FOLLOWS:

*In re RCI Hospitality Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

OR SUBMITTED ONLINE AT WWW.RCIHOLDINGSSECURITIESSETTLEMENT.COM **ON OR BEFORE SEPTEMBER 23, 2022**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before September 23, 2022 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

23

*In re RCI Hospitality Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

## REMINDER CHECKLIST:

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.
2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.
3. Please do not highlight any portion of the Claim Form or any supporting documents.
4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.
5. Keep copies of the completed Claim Form and documentation for your own records.
6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.**
7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.
8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or toll-free at (866) 274-4004 or visit www.RCIHoldingsSecuritiesSettlement.com.  Please DO NOT call RCI or any of the other Defendants or their counsel with questions regarding your claim.

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:     IBD Weekly
Address:     12655 Beatrice Street
City, State, Zip:     Los Angeles, CA 90066
Phone #:     310.448.6700
State of:     California
County of:     Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for RCI Hospitality Holdings, Inc. was printed in said publication on the following date(s):

**JUNE 6, 2022**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __6th__ day of __June__ , __2022__ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

*The upper portion of this page consists of dense mutual fund performance tables arranged in multiple columns. Each fund entry lists: Rating, Fund name, 36 Mo Performance % Chg, YTD % Chg, 12Wk % Chg, 5 Yr After Tax Rtn, Net Asset Value, and NAV Chg. The data is too dense to reproduce reliably.*

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

CHAD A. SMITH, Individually and on behalf of all others similarly situated, Plaintiff,
v.
NETAPP, INC., et al., Defendants.

Case No. 4:19-cv-04801-JST

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF NETAPP, INC. ("NETAPP") BETWEEN MAY 23, 2019 AND AUGUST 1, 2019, BOTH DATES INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a Zoom hearing will be held on September 1, 2022 at 2:00 p.m. PDT, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, via Zoom, with the link available at: https://cand.uscourts.gov/judges/tigar-jon-s-jst/, (the "Final Approval Hearing") for the purpose of determining: (1) whether the proposed Settlement consisting of the sum of $2,250,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the settlement proceeds is fair, reasonable, and adequate; (3) whether the application for an award of attorneys' fees of no more than 25% of the Settlement Amount (or $562,500) and reimbursement of expenses of no more than $25,000 and a Compensatory Award of reasonable costs and expenses (including lost wages) directly relating to his representation of the Settlement Class of no more than $2,000 for Lead Plaintiff should be approved; and (4) whether the Action should be dismissed with prejudice as set forth in the Stipulation of Settlement, dated September 21, 2021 (the "Stipulation"). The Court reserves the right to hold the Final Approval Hearing telephonically or by other virtual means.

If you purchased or otherwise acquired the publicly traded securities of NetApp between May 23, 2019 and August 1, 2019, both dates inclusive (the "Settlement Class Period"), your rights may be affected by the Settlement of this action. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and a copy of the Proof of Claim and Release Form ("Proof of Claim"), you may obtain copies by contacting the Claims Administrator at: NetApp, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, Telephone: (866) 274-4004, Facsimile: (610) 565-7985, info@strategicclaims.net. You can also download copies of the Long Notice and submit your Proof of Claim online at www.strategicclaims.net/NetApp/. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a properly completed Proof of Claim electronically or postmarked no later than August 2, 2022, to the Claims Administrator, establishing that you are entitled to recovery.

If you are a Settlement Class Member and desire to be excluded from the Settlement Class, you must submit a request for exclusion to the Claims Administrator so that it is received no later than August 11, 2022, in the manner and form explained in the detailed Long Notice. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you are a Settlement Class Member, Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, or the Compensatory Award to Lead Plaintiff must be in the manner and form explained in the detailed Long Notice and filed with the Court no later than August 11, 2022, at the Clerk of Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, California 94612.

If you have any questions about the Settlement, you may call or write to Lead Counsel:

Jacob A. Goldberg, Esq.
THE ROSEN LAW FIRM, P.A.
101 Greenwood Avenue, Suite 440,
Jenkintown, PA 19046
215-600-2817, jgoldberg@rosenlegal.com

**DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

DATED: MAY 3, 2022

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

In re RCI Hospitality Holdings, Inc. Securities Litigation    Master File No.: 4:19-cv-01841-AHB

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO: All persons and entities who, during the period between December 13, 2016 and July 18, 2019, inclusive, purchased or otherwise acquired the common stock of RCI Hospitality Holdings Inc. and were injured thereby (the "Settlement Class");**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $2,200,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on August 12, 2022 at 10:00 a.m., before the Honorable Alfred H. Bennett at the United States District Court for the Southern District of Texas, United States Courthouse, Courtroom 8C, 515 Rusk Avenue, Houston, TX 77002, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated April 14, 2022 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.RCIHoldingsSecuritiesSettlement.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at In re RCI Hospitality Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, 1-866-274-4004.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form submitted online or postmarked no later than September 23, 2022 to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received no later than July 22, 2022 to the Claims Administrator, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are received no later than July 22, 2022, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, RCI, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

—AND—

THE ROSEN LAW FIRM, P.A.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
(212) 686-1060
pkim@rosenlegal.com

Requests for the Notice and Claim Form should be made to:

In re RCI Hospitality Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
866-274-4004
www.RCIHoldingsSecuritiesSettlement.com

By Order of the Court

**jbravata@strategicclaims.net**

| | |
|---|---|
| **From:** | phhubs@prnewswire.com |
| **Sent:** | Monday, June 6, 2022 9:00 AM |
| **To:** | jbravata@strategicclaims.net |
| **Subject:** | PR Newswire: Press Release Distribution Confirmation for Glancy Prongay & Murray LLP. ID#3530826-1-1 |

Hello

Your press release was successfully distributed at: 06-Jun-2022 09:00:00 AM ET

Release headline: Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. Announce Proposed Class Action Settlement on Behalf of Purchasers of RCI Hospitality Holdings Inc. Common Stock – RICK
Word Count: 900
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 3530826-1-1

View your release:* https://www.prnewswire.com/news-releases/glancy-prongay--murray-llp-and-the-rosen-law-firm-pa-announce-proposed-class-action-settlement-on-behalf-of-purchasers-of-rci-hospitality-holdings-inc-common-stock--rick-301544428.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Achieve your communications goals every time you distribute content, with these tips for crafting your next perfect press release: https://www.cision.com/us/resources/tip-sheets/easy-pr-sharing-guide/?sf=false

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.