# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re RCI Hospitality Holdings, Inc. Securities Litigation | Master File No. 4:19-cv-01841-AHB |

## DECLARATION OF JOE KENDALL, ESQ. IN SUPPORT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES FILED <u>ON BEHALF OF THE KENDALL LAW GROUP, PLLC</u>

I, Joe Kendall, declare as follows:

1.    I am the Managing Member at the Kendall Law Group, PLLC ("Kendal Law Group"), the Court-appointed Texas Local Counsel in the above-captioned action (the "Action").[1] I submit this declaration in support of Lead Counsel's application for an award of attorneys' fees in connection with services rendered in the Action, as well as for reimbursement of litigation expenses incurred in connection with the Action.  I have personal knowledge of the facts set forth herein based on my active supervision of, and participation in, the prosecution and settlement of the claims asserted in the Action and, if called upon, could and would testify thereto.

2.    As Texas Local Counsel in the Action, the Kendall Law Group, among other things, reviewed and commented on draft pleadings, facilitated filings with the Court, and ensured that Lead Counsel complied with local rules, customs, and practices. .

3.    The schedule attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by attorneys and professional support staff employees of my firm who, from inception of the Action through and including June 15, 2022, billed five or more hours to the Action, and the lodestar calculation for those individuals based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm.

4.    I am the attorney who oversaw or conducted the day-to-day activities in the Action and I reviewed these daily time records in connection with the preparation of this declaration. The

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated April 14, 2022.  ECF No. 70-1.

1

purpose of this review was to confirm both the accuracy of the records as well as the necessity for, and reasonableness of, the time committed to the litigation.  As a result of this review, the time included in Exhibit A reflects that exercise of billing judgment.  Based on this review, I believe that the time of Kendall Law Group attorneys and staff reflected in Exhibit A was reasonable and necessary for the effective and efficient prosecution and resolution of the Action.  No time expended on the application for fees and reimbursement of expenses has been included.

5.      The hourly rates for the attorneys and professional support staff in my firm included in Exhibit A are consistent with the rates approved by courts in other securities or shareholder litigation when conducting a lodestar cross-check.  Generally and for me personally, including this district.

6.      The total number of hours reflected in Exhibit A is 18.9 hours.  The total lodestar reflected in Exhibit A is $16,065.00, consisting of  $16,065.00 for attorneys' time.

7.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

8.      As detailed in Exhibit B, my firm is seeking reimbursement of a total of $416.60 in expenses incurred in connection with the prosecution of this Action.

9.      The litigation expenses incurred in the Action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred.  The expenses reflected in Exhibit B are the expenses actually incurred by my firm.

10.      Attached hereto as Exhibit C is a brief biography of the Kendall Law Group, including the attorneys who were involved in the Action.

2

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed on June 15, 2022, in Dallas, Texas.

_____
JOE KENDALL

**EXHIBIT A**

*In re RCI Hospitality Holdings Inc., Securities Litigation,*
Master File No. 4:19-cv-01841-AHB

**Kendall Law Group, PLLC**

**LODESTAR REPORT
FROM INCEPTION THROUGH JUNE 15, 2022**

| TIMEKEEPER/CASE | STATUS | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **ATTORNEYS:** | | | | |
| JOE KENDALL | MANAGING MEMBER | 18.90 | 850.00 | $16,065.00 |
| | | | | |
| **TOTAL LODESTAR** | | **18.90** | **850.00** | **$16,065.00** |

4

**EXHIBIT B**

***In re RCI Hospitality Holdings Inc., Securities Litigation,***
**Master File No. 4:19-cv-01841-AHB**

**Kendall Law Group, PLLC**

**EXPENSE REPORT**

**FROM INCEPTION THROUGH JUNE 15, 2022**

| ITEM | AMOUNT |
|---|---|
| COURIER & SPECIAL POSTAGE | $16.60 |
| COURT FILING FEES | $400.00 |
| **GRAND TOTAL** | **$416.60** |

5

**EXHIBIT C**

**Kendall Law Group, PLLC**

**FIRM RESUME**



**FIRM RESUME**

Kendall Law Group was founded by former federal judge Joe Kendall.  It is a boutique trial law firm.  Led by Judge Kendall, the firm brings value-added assistance to their clients in complex class action, securities, and business litigation matters.

Since 2002, in class action cases, the Kendall Law Group has participated in obtaining over $1 billion dollar for shareholders.  The Kendall Law Group has served as lead, co-lead, or local counsel in numerous merger & acquisition, derivative, securities fraud and other class action matters, including: *The George Leon Family Trust, Individually and on Behalf of All Others Similarly Situated v. Chicago Bridge & Iron Company N.V., et al.*, Lead Case No. 4:18-cv-0273 (S.D.Tex.); *Mona Abouzied, Individually and on Behalf of All Others Similarly Situated v. Applied Optoelectronics, Inc., et al.*, Civil Action No. 4:17-cv-02399 (S.D. Tex.); *Pedro Ramirez, Jr. Individually and on Behalf of All Others Similarly Situated v. Exxon Mobil Corporation, et al.*, Case No. 3-16-cv-3111-K (N.D. Tex.); *Anthony Giovagnoli, Individually and on Behalf of All Others Similarly Situated v. GlobalSCAPE, et al.*, Case No. 5:17-cv-00753 (S.D. Tex.); *City of Pontiac General Employees' Retirement System, Individually and On Behalf of All Others Similarly Situated v. Hanger, Inc., et al.*, Case No. A-14-CA-1026-SS (W.D. Tex.); *Mary McCloskey, Individually and On Behalf of All Others Similarly Situated v. Match Group, Inc., et al.*, Civil Action No. 3:16-cv-00549-S (N.D. Tex.);  *Anton Steyn, Derivatively on Behalf of 3D Systems Corporation v. Abraham N. Reichental, et al.*, Case No. 2015-CP-46-2225 (16th Judicial Circuit Court of Common Pleas, South Carolina); *In re United Development Funding IV Securities Litigation*, Master File No. 3:15-cv-4030-M (N.D. Tex.); *Richard J. Isolde, Individually and on Behalf of all Others Similarly*

1

*Situated, v. Trinity Industries, Inc., et al.*, Civil No. 3:15-CV-2093-K, (N.D. Tex.); *In re EZCORP, Inc. Securities Litigation*, Master File No. 1:15-cv-00608-SS, (W.D. Tex.); *Yochanan Markman, Individually and on Behalf of All Others Similarly Situated, v. Whole Foods Market, Inc., et al.*, Civil Action No. 1:15-cv-00681-LY, (W.D. Tex.);   *In re BP plc Securities Litigation*, Civil Action Nos. 4:10-md-02185, 4:12-cv-3714, 4:12-cv-3715, 4:15-cv-02704, (S.D. Tex.); *Edward Ogden, Derivatively on Behalf of Cobalt International Energy Inc. v. Joseph H. Bryant, et al.*, Civil Action No. 4:15-cv-00139 (S.D. Tex.); *City of Pontiac General Employees' Retirement System v. Dell Inc., et al.*, Civil Action No. 1:15-cv-00374-LY (W.D. Tex.); *Margaret Budde and Daniel Ream, Individually and On Behalf of All Others Similarly Situated v. Global Power Equipment Group, Inc.*, et al., Civil Action No. 3:15-cv-1679-M (W.D. Tex.); *City of Pontiac General Employees' Retirement System v. Hanger, Inc., et al.*, Civil Action No. 1:14-cv-01026-SS (W.D. Tex.); *Jan Buettgen, on Behalf of Himself and All Others Similarly Situated v. Katherine J. Harless, et al.*, Civil Action No. 3:09-cv-00791-K (N.D. Tex.); *In re Key Energy Services, Inc. Securities Litigation*, Civil Action No. 4:14-cv-2368 (S.D. Tex.); *In re Kosmos Energy Ltd Securities Litigation*, Civil Action No. 3:12-cv-373 (N.D. Tex.); *Nasser Moradi, et al., v. Sheldon Gary Adelson, et al.*, Case No. 2:11-cv-490 (D. Nevada); *In re Life Partners Holdings, Inc. Derivative Litigation*, Civil Action No. 2:11-cv-00043 (W.D. Tex.); *Mary K. Jones v. Pfizer Inc., et al.*, Civil Action No. 1:10-cv-03864 (S.D.N.Y.); *Richard Steck v. Santander Consumer USA Holdings Inc., et al.*, Civil Action No. 3:15-cv-2129 (N.D. Tex.); *Justin Pierce and Hillary Kay, Derivatively on Behalf of AT&T Inc. v. Randall L. Stephenson, et al.*, Cause No. DC-14-13645, (193rd District Court, Dallas County, Texas); *Jacob Hulsebus, et al. v. Belo Corp., et al.*, Cause No. DC-13-06601, (68th District Court, Dallas County, Texas); *Ron Phillips and Scott Moorehead, Derivatively on Behalf of CLST Holdings, Inc., v. Timothy S. Durham, et al.*, Cause No. DC-10-07655 (134th District Court, Dallas County, Texas);

2

*Regan Held, et al., v. C. Kelly Hall, et al.*, Cause No. CC-11-05258-D, (County Court No. 4, Dallas County, Texas); *David Flecker, Individually and on Behalf of All Others Similarly Situated and Derivatively on Behalf of Pioneer Southwest Energy Partners L.P.*, Cause No. DC-13-05371-G (134th District Court, Dallas County, Texas); *In re U.S. Home Systems, Inc. Shareholder Litigation*, Cause No. CC-12-04962-B (County Court No. 2, Dallas County, Texas); *Terry Neff, Derivatively on Behalf of Weatherford International Ltd., et al., v. Nicholas F. Brady, et al.*, Cause No. 2010-40764 (270th District Court, Harris County, Texas); *In re Burlington Northern Santa Fe Corporation Shareholder Class Action Litigation,* Cause No. 348-241465-09,  (348th District Court, Tarrant County, Texas)  *In re Affiliated Computer Services Derivative Litigation*, Master File No. 3:06-cv-1110-M (N.D. Tex.); *In re Cablevision Systems Corp. Shareholder Derivative Litigation*, Master File No. CV-06-4130 (E.D.N.Y.); *Ryan v. Flowserve Corp.,* Civil Action No. 3:03-CV-01769 (N.D. Tex.); *Blackmoss Investments v. Gravity Corp., et. al.,* Civil Action No. 1:05-CV-04804-LAP (S.D.N.Y.); *In re Guidant Corp. Securities Litigation*, Master File No. 1:05- CV-01658-SEB-WTL (S.D. Ind.); *In re 7-Eleven Shareholders Litigation*, No. 05-089344-M (District Court Dallas County, Texas); *In re Impac Mortgage Holdings, Inc., Case No.* 8:06-cv-00091-CJC-RNB (C.D. Cal.);  *In re Fossil Derivative Litigation*, Cause No. 3:06-cv-01672-P (N.D. Tex.);  *Dillingham v. Schmitz,* Cause No. 2005C119934 (288th District Court, Bexar County, Texas);  *Alaska Electrical Pension Fund v. Brown, et al.*, Cause No. 6:04-CV-464 (E.D. Tex.);  *Holowach v. Gilliland, et al.*, Cause No. 017-221963-07 (17th District Court, Tarrant County, Texas); *Levy Investments v. Donald Steen, et al.,* Cause No. DC-07-00208 (101st District Court Dallas County, Texas); *In re Petco Animal Supplies, Inc., Shareholder Litigation,* Case No. GIC 869399 (Superior Court, San Diego, California);  *Frank Capovilla v. Lone Star Technologies, Inc., et al.,* Cause No. DC-07-002979 (14th District Court, Dallas County, Texas); *Louis Dudas v. Encore Medical Corporation, et al.,* Cause No. D-1-GN-

3

002495 (345th District Court, Travis County, Texas); *Waggoner v. Ryan, et al,* Cause No. CC-05-13893 (County Court at Law No. 2, Dallas County, Texas); *Evans v. Paulson, et al.,* Cause No. 05-01818-JMR-FLN (D. Minn.); In *re Accuray, Inc. Shareholder Derivative* Litigation, Case No. C 09 05580 CW (N.D. Cal.); *In re Microtune, Inc. Litigation,* Cause No. 219-03729-2010 (219th District Court, Collin County, Texas); *Edward Ferguson v. Louis Raspino*, *et al*., Cause No. 2010-23805 (281st District Court, Harris County, Texas); *In re Duncan Energy Partners L.P. Shareholder Litigation*, Cause No. 2011-13981 (269th District Court, Harris County, Texas); and many others.

**JOE KENDALL**

Former United States District Judge Joe Kendall is the owner of Kendall Law Group. Mr. Kendall served on the federal bench in the Northern District of Texas from 1992-2002, appointed by President George Herbert Walker Bush. He was unanimously confirmed by the U.S. Senate. At the time of his appointment, he was the youngest U.S. District Judge in the country. He also served as a state district judge on the 195th Judicial District Court in Dallas from 1987-1992. In his judicial career, he has presided over approximately 500 jury trials and disposed of over 11,000 cases. Mr. Kendall has a B.B.A. from the Cox School of Business at Southern Methodist University and a law degree from Baylor University. Mr. Kendall served as a Commissioner on the United States Sentencing Commission from 1999 through 2002, appointed by President Bill Clinton.

Since leaving the bench for economic reasons and returning to trial work, Mr. Kendall has had tremendous success at the prosecution of patent and class action litigation either as lead, co-lead or local counsel.

While on the federal bench, Mr. Kendall handled class actions of various types and presided over numerous civil jury trials, including complex litigation, securities, antitrust, qui tam, medical malpractice, products liability, and patent infringement cases. He presided over a multi-district litigation case, and also handled environmental and CERCLA cases. Author of more than 250 judicial opinions published in the federal reporters or legal research databases, his more notable cases include, *Ozee v. American Council on Gift Annuities* (an antitrust class action against the most prominent charities in the nation), *SBC Communications v. AT&T* (to determine the constitutionality of certain provisions of the Telecommunications Act of 1996), *American Airlines, Inc. v. Allied Pilots Association* (the pilots sickout dispute in 1999), and *Johnson v. City of Dallas* (a case brought by homeless persons to determine the constitutionality of a city ordinance prohibiting sleeping in

public).    In his career as a lawyer, Mr. Kendall has personally tried more than 100 jury trials to judgment.

Additionally, Mr. Kendall taught new federal judges for the Federal Judicial Center in Washington, D.C. and has taught docket management techniques to experienced federal judges throughout the country.  He is a former board member of the Federal Judges Association and was editor of *In Camera*, the newsletter of the Federal Judges Association.