**GLANCY PRONGAY & MURRAY LLP**
Kara M. Wolke (*pro hac vice*)
Melissa C. Wright (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: info@glancylaw.com
      kwolke@glancylaw.com
      mwright@glancylaw.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice*)
Brian B. Alexander (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com
      balexander@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

**KENDALL LAW GROUP, PLLC**
Joe Kendall
Texas Bar No. 11260700
jkendall@kendalllawgroup.com
3232 McKinney Ave., Suite 700
Dallas, Texas 75204
Telephone: (214) 744-3000

*Liaison Counsel for Plaintiffs and the Settlement Class*

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re RCI Hospitality Holdings, Inc. Securities Litigation, | Master File No.: 4:19-cv-01841-AHB |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Lead Plaintiffs and Lead Counsel and Liaison Counsel, respectfully submit this reply memorandum in further support of: (1) Plaintiffs' motion for final approval of the $2,200,000 Settlement and approval of the proposed Plan of Allocation (ECF No. 74, the "Final Approval Memorandum"); and (2) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (ECF No. 75, the "Fee and Expense Memorandum").[1] This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including the fact that there has not been a single objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses and no requests for exclusion from the Settlement Class.

## I.    PRELIMINARY STATEMENT

Pursuant to the Court's April 28, 2022 Unopposed Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 71, the "Preliminary Approval Order"), a total of 14,408 potential Settlement Class Members were either mailed the Postcard Notice, or emailed a direct link to the Notice and Claim Form on the Settlement Website (www.RCIHoldingSecuritiesSettlement.com). *See* Supplemental Declaration of Josephine Bravata (the "Supplemental Mailing Decl."), ¶¶3-4. The Postcard Notice, Notice, Summary Notice and Settlement Website advised Settlement Class Members of the Settlement and the request for an award of attorneys' fees and reimbursement of Litigation Expenses. *See* Exhibits 1-A, C and D to Wolke Decl. (ECF No. 78-1, the Declaration of Josephine Bravata Concerning:

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement filed with the Court on April 15, 2022 (ECF No. 70-1, the "Stipulation"), or the Declaration of Kara M. Wolke in Support of: (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Wolke Declaration"or "Wolke Decl.") (ECF No. 76). Unless otherwise indicated, all emphasis is added and all internal quotations and citations are omitted.

(A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections, dated July 7, 2022). The Postcard Notice, Notice, Summary Notice, and Settlement Website further advised Settlement Class Members that the last day for requesting exclusion from the Settlement or filing an objection to the Settlement, the Plan of Allocation, and the request for an award of attorneys' fees and reimbursement of Litigation Expenses was July 22, 2022. *See Id*.

The exclusion and objection deadline has now passed. Importantly, not a single Settlement Class Member has requested exclusion from the Settlement Class, and there has not been a single objection to the Settlement, the Plan of Allocation, the request for attorneys' fees, the request for reimbursement of litigation expenses, or the PSLRA award. *See* Supplemental Mailing Decl. at ¶¶7-8. The lack of objections and requests for exclusion weighs heavily in favor of the Court granting the requested relief.

## II. ARGUMENT

### A. The Positive Reaction Of The Settlement Class Strongly Supports Approval Of The Settlement And Plan Of Allocation

The reaction of a class to a settlement is a significant factor in assessing its fairness and adequacy. *Quintanilla v. A & R Demolition Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) ("The court should . . . consider the reaction of the class to the settlement," and "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement"). Here, the lack of objections and requests for exclusion strongly militate in favor of the Court granting the requested relief. *See, e.g.*, *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *22-23 (N.D. Tex. Nov. 8, 2005) (finding, where there were eight objections, that "the overwhelming response of absent Class Members overall . . . strongly supports approval of the settlement"); *Billitteri v. Sec. Am., Inc.*, 2011 WL 3586217, at *14 (N.D. Tex. Aug. 4, 2011)

(where 30 out of 2,000 class members opted out of a settlement, the court found that "[t]he extremely small number of opt-outs suggests a favorable opinion by the absent class members"); *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 910 F. Supp. 2d 891, 938 (E.D. La. 2012) ("The low objections and opt-out rates are evidence of the Settlement's fairness."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).

In addition, there has not been a single objection to the proposed Plan of Allocation. *See* Supplemental Mailing Decl. ¶8. This reaction provides firm support for the Plan of Allocation's approval. *See, e.g., Schwartz*, 2005 WL 3148350, at *24 (finding plan of allocation fair, reasonable and adequate where, "[m]ost importantly, there has only been one objection to the Plan of Allocation"); *see also Buettgen v. Harless*, 2013 WL 12303143, at *9 (N.D. Tex. Nov. 13, 2013) (noting the "reaction of the Class to the Settlement has been supportive" and approving plan of allocation as fair, adequate and reasonable) (collecting cases).

## B. The Positive Reaction of the Settlement Class Strongly Supports Approval of the Fee and Litigation Expense Request

The positive reaction of the Settlement Class also supports approval of Lead Counsel's requested attorneys' fees and Litigation Expenses. Here, both the Postcard Notice and the Notice informed the Settlement Class that Lead Counsel would apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and reimbursement for Litigation Expenses incurred by Lead Counsel in an amount not to exceed $135,000, which may include an application for reimbursement of the reasonable costs (including lost wages) incurred by Lead Plaintiff directly related to his representation of the Settlement Class. Wolke Decl., Exs. 1-A and C.

The absence of ***any objections*** to the requested fee, expense award, and PSLRA award in this complex securities class action weighs strongly in favor of approval. *See, e.g., Bethea v.*

*Sprint Commc'ns Co.*, 2013 WL 228094, at *5 (S.D. Miss. Jan. 18, 2013) ("The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *Di Giacomo v. Plains All American Pipeline*, 2001 WL 34633373, at *9 (S.D. Tex. Dec. 19, 2001) (requested attorneys' fees supported by fact that there were "no objections and virtually no requests for exclusion from the settlement class."); *see also Parmelee v. Santander Consumer USA Holdings Inc.*, 2019 WL 2352837, at *2 (N.D. Tex. Jun. 3. 2019) (awarding 33⅓% of $9.5 million settlement fund and full reimbursment of expenses, including lead plaintiffs' expenses pursuant to the PSLRA, and stating "[t]here were no objections to the requested attorneys' fees and expenses."); *Singh v. 21Vianet Group, Inc.*, 2018 WL 6427721, at *1 (E.D. Tex. Dec. 7, 2018) (awarding attorneys' fees of 33.3% of $9 million settlement fund and full reimbursement of litigation expenses, including reimbursement of lead plaintiff's expenses pursuant to PSLRA, where "[t]here were no objections to the requested attorneys' fees and expenses.").

## III. CONCLUSION

For the reasons set forth herein and in the Final Approval Memorandum, the Fee and Expense Memorandum, and the Wolke Declaration, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation, as well as the request for attorneys' fees, reimbursement of expenses, and Lead Plaintiffs' request for costs and expenses incurred as a direct result of their representation of the Settlement Class.

Dated: August 5, 2022

Respectfully submitted,
By: /s/ *Kara M. Wolke*
Kara M. Wolke (*pro hac vice*)
**Glancy Prongay & Murray LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: info@glancylaw.com
*Attorney-In-Charge for Lead Plaintiffs and the Settlement Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was served on all counsel of record on August 5, 2022 via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

*/s/ Kara M. Wolke*
Kara M. Wolke